## ALLEN v. SKIFF.

The word *convenient*, in section 1708 of the Code, does not have reference alone to the county that is nearest in point of distance, or the one that can be soonest reached in miles' travel, from the county from which the venue is changed; but has a broader signification, and which county is the most convenient, must be determined, to some extent, by the peculiar circumstances of each case.

Where there is no showing to the contrary, the appellate court will presume that the county to which the venue has been changed, is the most convenient, within the meaning of the law.

If the party complaining wishes to show error in the order for the change of venue, he should embody all the facts, upon which the court acted, in a bill of exceptions, so that this court can see that the county selected, is *not* the most convenient.

The applicant for a change of venue, in addition to the costs of the transcript, should be required to pay the fair and legitimate costs of the term.

### *Appeal from the Jasper District Court.*

In this case, the defendant filed an affidavit for a change of venue, on the ground that the inhabitants of all the counties in the fifth judicial district, were so prejudiced against him, that he could not expect an impartial trial; and based upon this affidavit, he moved that such venue be changed to some other judicial district. The venue was accordingly changed to Madison county, in the ninth judicial district, and defendant adjudged to pay the costs of the term. The affiant objected to this judgment for costs, and also to send ing the cause to Madison county, for the reason that said county, was "not the nearest one where the objections named did not exist." The objections were overruled, and defendant excepted. There is nothing in the record indicating upon what showing, aside from the affidavit, the court acted. Defendant appeals.

*Clarke & Henley*, for the appellant.

*W. B. Sloan*, for the appellee.

WRIGHT, C. J.—The only questions presented for our de-termination, are : *First*, did the court err in awarding a change of venue to Madison county ? and, *Second*, should the appellant have been required to pay the costs of the term ?

The Code, section 1708, provides that in such cases, the venue shall be changed to the most convenient county to which there is no exception of the character stated. In this case, it is claimed, that many other counties are nearer, and there-fore more convenient to Jasper county, than this county of Madison. It is true that Poweshiek in the fourth, and Ma-haska in the third, districts, are nearer to Jasper than is Madison. But the word convenient, as here used, does not have reference alone to locality—to the county that is near-est, in point of distance, or the one that can be soonest reached in miles' travel. It has a broader signification ; and which county is most convenient, must be determined, to some extent, by the peculiar circumstances of each case. In the first place, when two counties are equally distant, a case should ordinarily be sent to that, where the parties can prob-ably have the most speedy trial. And again, the residence of the parties, and of their witnesses, must have an influence in making the selection. So, also, the convenience of the attorneys engaged on either side of the case, may well be consulted. These and other circumstances, are proper to be taken into consideration, as well as the relative distances of the surrounding counties ; and where there is no showing to the contrary, we will presume that the county selected, is the most convenient, within the meaning of the law, as above construed. The presumption is in favor of the ruling of the court below, and when nothing is shown but the affidavit, we will not suppose that the county selected, is not the most convenient, though it may be at a greater distance than others. If the party complaining would show the order to be erroneous, he should embody all the facts upon which the court acted in a bill of exceptions, so that this court can clearly see that the county selected, is not the most conven-ient. Nothing of the kind is shown in this case, and we

must presume that the venue was changed to the proper county.

We next inquire as to the order adjudging the costs of the term against the appellant. The costs occasioned by such change of venue, are to be paid by the applicant, and not taxed as a part of the costs of the case. Code, § 1712. This primarily contemplates, the costs of the transcript, as provided for in section 1710. We also think, the fair and legitimate costs of the term, should be paid by the applicant. Such costs are as much occasioned by the change of venue, as those attending the making of the transcript. The costs of witnesses, and the general costs of the term, are, by the change of venue, rendered practically of no use, so far as the trial of the cause is concerned, and should, therefore, be excluded from the general fee bill. The change of venue necessarily works a continuance of the cause, and the same consequences as to costs, should follow. This, of course, should only include the necessary costs which are thus rendered unavailing, and not such as have been unnecessarily or improperly made by the opposite party.

Judgment affirmed.