## Robbins *et ux.* v. Neal *et al.*

1. CHANGE OF VENUE: PRESUMPTIONS. The Supreme Court presumes until the contrary is made to appear, that an order made by the court below, changing the venue of an action, was made upon a sufficient showing,

2. SAME: COSTS. When the venue of a cause is changed, the costs should be taxed as when a cause is continued.

3. SAME. A change of venue may be ordered upon the condition that the party applying for the same shall pay the costs of the term at which the order is made within a time fixed.

4. CORRECTING RECORD ENTRY. The records of the District Court are under its control, and an erroneous entry therein, of an order made by the court, may be corrected at any time during the term at which the same was made.

5. OBJECTION NOT MADE BELOW. The Supreme Court will not consider an objection to the proceedings of the court below, when presented for the first time on appeal.

### *Appeal from Warren District Court.*

### SATURDAY, OCTOBER 6.

ACTION for slander. The material facts are stated in the opinion of the court.

*George G. Wright* for the appellant, contended—1. That this court will take notice of the relative location of counties, Code of 1851, section 1708. 2. That the court erred in altering the order changing the venue, by annexing a condition thereto, after it was made of record, and in the absence of the counsel for the appellant, *Davis* v. *Fish,* 1 G. Greene 406; *Wright* v. *LeClaire.* 3 Iowa 221; Code of 1851, sections 1710, 1712, 1713.

*Seevers, Williams & Seevers,* insisted—1. That where there is no showing to the contrary, the Supreme Court will presume that the county to which the change was awarded was the most convenient, *Allen* v. *Skiff,* 2 Iowa 433. 2. That the records are under the control of the court, and any entry made therein may be changed or expunged at any time

during the term at which it was made. Code of 1851, section 1579. 3. The court has the power to require the payment of costs by the party making the application, as a condition upon which it shall be made. *Eckles* v. *Kinney*, 4 Iowa 540; *Allen* v. *Skiff, supra*.

BALDWIN, J.[1]—The defendants appeal from an order of the District Court, changing the venue in said cause. The application for such change was made by the defendants, upon the 9th day of August, 1859; and upon the same day there was an entry made by the order of said court, showing that a change had been granted, and the cause sent to the county of Clarke. A certified copy of the records of said court showed, that "indorsed on and across the foregoing entry, are the words and figures, to-wit: 'error, see page 490, error,' and afterwards there was an entry in lieu of the preceding one, and which now stands of record as follows, to-wit." Then follows a record entry, made upon the 10th day of August, showing an order of the court changing the venue of said cause to Clarke county, the court being satisfied that the county of Clarke was the most convenient county for the trial of said cause for the said parties, to which the objections of plaintiffs' motion did not apply. It was further ordered that the defendants pay the costs of the term and the costs occasioned by the change of venue, within thirty days after the closing of the said term, and in default of such payment, the order granting such change should be regarded as vacated and the cause stand for trial at the next term of said court.

The defendants, upon the 13th day of August, being the sixth day of said term, and three days after said entry was made, filed a bill of exceptions, showing that the amended record was made after the counsel for defendants had left

1. WRIGHT, J., having been of counsel, took no part in the determination of this case.,

for his home, in Marion county, and further setting forth, "that the defendants excepted to so much of said last entry in the court record as finds that Clarke county is the most convenient county to which there is no exception, and that changes the venue to Clarke county, and that requires the defendants to pay all the costs in thirty days, or that the said order awarding a change of venue would be vacated, and that taxes plaintiffs' witness fees of said term to defendants."

It is assigned by the appellants that the court erred in changing the venue to Clarke county, and in determining that it was the most convenient county. This assignment, as well as the one which relates to the taxing of the costs of the term to the defendants, present the same questions that have been determined by this court in the case of *Allen* v. *Skiff*, 2 Iowa 433. The presumptions are, that there was sufficient evidence before the court to justify it in holding that the county selected was the most convenient, until the contrary appears.

The change of venue works a continuance of the cause, and the costs should follow the same as if continued.

It is further submitted that the court erred in making the order conditional upon the payment of costs within thirty days. This is a matter of discretion, and within the power of the court granting the change. The party obtaining such order is also required to pay all costs incident thereto. Code, section 1712.

It is further submitted that the court erred in having the record entry altered after the counsel for the defendants had left for home. The records of the court are under its control, and it has the power at any time during the term to have the same corrected so as to conform to its ruling. The record entry made before counsel left for home never received the approval of the court. It was marked as erroneous and cancelled, and the entry of which appellants complain was the only one ever approved by the court. It appears that this objection was not presented in the court below. The bill of exceptions, as above recited, shows that

the counsel for the defendants objected to the order of the court for various reasons; none of which, however, show that it was because such order was made after the counsel had left for home. The counsel for appellants, at the same term and only three days after the order was finally made, appeared and filed his bill of exceptions, and if his clients had been prejudiced by an entry made during his absence, he should have then moved to have such entry set aside, and thus brought the matter complained of to the attention of the District Court, instead of raising this objection for the first time in this court. But the court had the right and it was its duty to make the order as it did, whether the counsel for defendant was present or absent.

In the case of *Eckles* v. *Kinney*, 4 Iowa 539, this court held that the " court may at the same term reconsider the motion for a change of venue, and grant the same on such conditions only as are allowed by law, and are in the discretion of the court."

Judgment affirmed.