GRAY v. GRAHAM.

Tender: EFFECT OF. Where the defendant in an action avers a tender, the plaintiff is entitled to judgment for the amount thereof.

*Appeal from Clinton Circuit Court.*

THURSDAY, JULY 25.

ACTION upon contract for a balance due upon the sale of a lot, at an alleged price of $400, $120 of which price was paid at the time of contract. The plaintiff averred a tender of a deed. The defendant, by answer, admitted the con-tract of sale, but alleged that the contract price was $200; that he paid down $120, as alleged by plaintiff, and averred that, on the 7th day of September, 1870, he tendered plaintiff $112.03, the balance due, in full payment, and that he had always been ready and still is ready to pay said sum; the defendant, in one of his answers, denied any tender of a deed. There was a jury trial; verdict and judgment for defendant. The plaintiff appeals.

*D. Gray* for the appellant.

*Walter I. Hayes* and *J. F. McGuire* for the appellee.

COLE, J.—The defendant filed an answer at the Sep-tember term, 1870, in which he expressly admitted the tender of the deed for the lot in controversy, as averred

VOL. XXXIV—54.

by the plaintiff. In this answer the defendant also averred the tender of the balance he admitted to be due, and that "he now brings the same into court to be paid to plaintiff if she will accept the same." At the same time the defendant filed an answer and cross-petition (no question arises upon the latter), in which he denied each and every allegation of plaintiff's petition, and averred the tender as before, and that he "now brings the same into court to be paid to the plaintiff if she will accept the same, *and convey said lot to the defendant.*" At the November term, 1870, the defendant filed an amended answer in which, besides the general denial as above, he also "denies that plaintiff ever tendered to him a correct deed for the lot in question, properly stamped and executed," and avers the tender by himself of the balance due, as before, and "that the defendant has always been ready, and still is ready to pay the said sum of money to the plaintiff in payment as aforesaid."

Upon the trial there was some conflict of evidence respecting the tender of the deed by the plaintiff, and the authority of the agent by whom the tender was made. The court instructed the jury that, in order for the plaintiff to recover, she must show by the evidence that she tendered the deed, before suit brought, by an authorized agent. In view of the pleadings and the oft repeated averment by defendant of his tender, readiness to pay, and the bringing of the money into court, this instruction was erroneous. The plaintiff was entitled to recover the amount of the tender by defendant, at least. *Phelps* v. *Kathron et al.*, 30 Iowa, 231, and cases cited.

The appellee's counsel, whose abstract we accept as correct, raises a question as to the time and manner of excepting to the instruction. But if plaintiff's counsel was too late in stating his exception, which was after the jury had retired, he has nevertheless properly availed himself of the same point by his motion for a new trial

because the verdict was contrary to the pleadings, and tender by defendant; to the overruling of which by the court he did duly except.

Reversed.