Brace v. Grady.

---

BRACE v. GRADY.

1. Attachment: FOR DEBT NOT DUE. An action may be properly commenced by attachment on notes given for rent, before they are due, when nothing but time is wanting to fix an absolute indebtedness, and it is alleged that the defendant is about to dispose of his property with intent to defraud his creditors.

2. —— DEMURRER. That no bond was filed, that the writ directed the seizure of specific property, and that the relief asked in the petition was for the enforcement of the landlord's lien, are not objections that can be taken advantage of by demurrer.

3. Practice: CHANGE OF RULING. It is competent for the trial court to change its previous rulings upon a demurrer at any time during the term.

*Appeal from Iowa Circuit Court.*

WEDNESDAY, APRIL 23.

ACTION AT LAW. The petition declares upon a lease and two promissory notes given for rent to accrue thereunder. When.

the action was commenced the rent provided for in the lease and notes was not due, but the petition avers, "that nothing but time is wanting to make the rent money due; that defendant is about to dispose of his property, with intent to defraud his creditors; that no part of said indebtedness has been paid." After demand for judgment the petition asks "that a writ of attachment issue for the enforcement of his (plaintiff's) lien." No attachment bond was filed, and the attachment directed the officer to seize the crops and personal property of defendant upon the leased premises.

A demurrer to the petition, on the ground that the action is brought to recover rent, and the same is shown not to be due, was sustained. Plaintiff, with leave, amended his petition, when defendant interposed another demurrer raising substantially the same objection as the first. Two or three days after the ruling upon the first demurrer, and at the same term, the second one came up for hearing and the court overruled it and made this further order setting aside the order upon the first demurrer, viz. : "And the court being more fully advised in the premises does hereby set aside the finding and ruling of the court made on December 12, 1872 (a preceding day of the term), sustaining the first demurrer, as said ruling was made under a mistake of the facts alleged in plaintiff's petition." Defendant standing upon his demurrer, judgment was accordingly entered against him; he appeals therefrom to this court.

*Hedge & Murphy* for the appellant.

*Howard & Rutherford* for the appellee.

BECK, Ch. J. — I. Without determining that the petition is not sufficient to authorize an attachment enforcing the landlord's lien under chapter 99 of the Revision, we are of the opinion that it is sufficient to support an action under chapter 124. Under the last-named chapter, attachments may be issued "previous to the time when the debt becomes due, when nothing but time is wanting to fix an absolute indebtedness,

and when the petition, in addition to that fact, states that the defendant is about to dispose of his property with intent to defraud his creditors." § 3178. The petition substantially complies with this requirement. The debt described in the petition was due at the time judgment was rendered upon the demurrer; the judgment is therefore authorized by sections 3179, 3180. In our opinion, the circuit court rightly held that the action was prosecuted under the general attachment law. Rev., chap. 124.

II. The facts that no bond was filed, that the writ of attachment directed the seizure of specified property, and that the relief asked in the petition is for the enforcement of the landlord's lien, do not constitute objections that may be considered upon demurrer. The proceedings should have been assailed for these matters in a different manner. Rev., § 2876.

III. The court had authority to set aside its order sustaining the first demurrer upon discovering its mistake or error. The record is under the court's control, and an entry, for a sufficient reason, may be expunged before it is signed or during the term at which it is made. Rev., § 2666.

The discovery, by the court, of an error or mistake in a former ruling is certainly good cause for setting aside or expunging the record thereof.

In our opinion the record before us discloses no error.

Affirmed.