## PORTER v. McBride.

1. **Judgment:** WHEN COURT MAY CORRECT: PRACTICE. The court may, at any time after directing judgment to be entered and before final approval of the record, order a correction or modification of the terms of the judgment.

2. ———: RULE APPLIED. In an action for damages, wherein a counter-claim was filed, the jury found a verdict for defendant and the court ordered judgment to be so entered; before approving the record he ordered it to be expunged and judgment entered for defendant on the claim and plaintiff on the counter-claim: *Held*, that the court was authorized thus to correct the record.

*Appeal from Hardin Circuit Court.*

SATURDAY, OCTOBER 21.

On the 12th day of October, 1870, the plaintiff commenced this action claiming of the defendant $75,000 for libel. The defendant answered, setting up various defenses, and at the same time filed a cross-petition, claiming of plaintiff $15,000, for conspiracy and malicious prosecution. On the 26th day of January, 1872, the trial of the case was commenced before a jury, the Hon. SYLVESTER BAGG, judge of the Circuit Court of Black Hawk county, presiding. On the 14th day of February, 1872, the jury returned into court the following verdict: "We, the jury, find for the defendant, and find no damages." On the same day the plaintiff gave notice that he would file a motion in arrest of judgment and for a new trial, and it was agreed that plaintiff should have time till after the adjournment of court to prepare his motion, and that it should be argued on the 13th day of March, 1872, before the Hon. judge BAGG, in the Circuit Court of Black Hawk county, and that judgment should be entered as of the term at which the trial was had. The motion for a new trial was heard at the time and place appointed, and was taken under advisement by the judge, by agreement of parties. While the case was pending before judge BAGG, another term of the Circuit Court of Hardin county was held, and, on the 22d day of April, 1872, the case was continued.

On the 21st day of May, judge BAGG overruled the motion for a new trial, and ordered judgment to be entered on the verdict. This order was received and filed, and entered on the record May 25th, and judgment was afterward entered on the verdict by the clerk.

On the 26th day of September, 1872, the plaintiff filed his motion to expunge the record entry of the judgment on the verdict of the jury, upon several grounds, amongst which were that "The judgment was erroneous under the issues made by the pleadings, and the verdict of the jury," and "A large part of the costs taxed were illegally taxed." On the 11th day of February, 1873, the court sustained plaintiff's motion, and expunged the record of judgment entered by the clerk in vacation. To this ruling defendant excepted. The court then ordered judgment to be entered in favor of plaintiff, and against the defendant on the cross-demand. The defendant excepted, and from these rulings of the court respecting the judgment, he appeals. At the April term, 1874, an opinion of this court was filed reversing the judgment of the court below. Within the time prescribed by rule of court the plaintiff petitioned for a rehearing. April 26, 1875, the defendant was ordered to reply. At the March term, 1876, a rehearing was granted, and at the June term, 1876, the cause was again submitted for final determination.

*E. W. Eastman*, for appellant.

*Porter & Moir*, for appellee

DAY, J.—A considerable portion of the record is taken up by a presentation of the various rulings of the court respect-

1. JUDGMENT: when court may correct: practice.
ing the bills of exceptions presented by the plaintiff. But, as the plaintiff does not appeal, and the bills of exceptions are altogether unnecessary to a consideration of the defendant's appeal, these questions are all entirely out of the case. The sole question involved is one of costs. The Hon. judge BAGG, when he overruled the motion for a new trial, directed the clerk to enter judg-

ment upon the verdict, but did not direct him what judgment to enter. The abstract shows that the clerk entered judgment upon the verdict, but does not state what judgment he entered. This judgment was entered by the clerk in vacation. Until finally approved by the court, it was under the control of the court, and subject to modification or correction. The court could at any time before final approval of the judgment make it such as should be entered pursuant to the verdict. It is to be observed that the plaintiff claimed $75,000 damages, and the defendant in his cross-petition claimed 15,000 damages. It is quite probable that the defendant, in efforts to make out his claim for damages, made costs which had no connection with his mere defense against the claim made by plaintiff. The jury found simply for the defendant, and found no damages. The only reasonable inference is, that they found against each party on his claim for damages. Section 2933 of the Code provides that, "Where the party is successful as to a part of his demand, and fails as to part, unless the case is otherwise provided for, the court may, on rendering judgment, make an equitable apportionment of costs." And the next section provides that, "Where there are several causes of action embraced in the same petition, or several issues, the plaintiff shall recover costs upon the issues determined in his favor, and the defendant shall recover costs upon the issues determined in his favor." Here there were two issues. One was determined in favor of plaintiff; the other in favor of defendant. It is proper that the plaintiff should pay the costs accrued upon his petition, and that the defendant should pay the costs accrued upon his cross-petition. The abstract does not set out the judgment entered by the court, but simply states that the court ordered judgment to be rendered in favor of plaintiff, and against defendant, on the cross-demand.

No amount was found against defendant, and the judgment must have been simply for costs. And, as we are not to presume error, we must, in the present state of the record, conclude that the judgment against defendant was simply for the costs made upon the trial of his cross-petition. Such a

judgment the verdict warranted and required. We are now satisfied that the record discloses no error.

AFFIRMED.