## CARPENTER v. ZUVER.

1. **Jurisdiction**: CIRCUIT JUDGE: CERTIORARI. A circuit judge has jurisdiction upon the opening of a term of court to amend or expunge a record entry made by the clerk in vacation, and his action in so doing cannot be reviewed by the Supreme Court on a writ of *certiorari*. The parties to such an entry are deemed in court until a final disposition of it is made.

THURSDAY, JUNE 16.

PROCEEDINGS IN CERTIORARI. At the December term, 1880, of this court the plaintiff made application by petition for a writ of *certiorari*, directed to the Honorable J. R. Zuver, as Judge of the Circuit Court of the county of Lyon, in the 14th Judicial Circuit, commanding and requiring said judge to certify to this court a correct transcript of the record and proceedings in a case of *E. E. Carpenter v. The Sioux City & Pembina Railroad Company*, pertaining to the setting aside by the defendant of a judgment entered therein, and praying that the actings and doings of said defendant in the premises be held void and of no force or effect. On the 11th day of December, 1880, a writ of *certiorari* issued by this court as prayed.

At the April term, 1881, of this court, at Dubuque, the defendant made due return to the writ. The facts are stated in the opinion.

*Treadway & Cleland*, for plaintiff.

*Joy & Wright*, for defendant.

DAY, J.—On the 28th day of October, 1879, an original notice was issued to the Sioux City & Pembina Railroad Com-

**1. JURISDIC-TION: circuit judge: certiorari.** pany, that on or before the 1st day of February, 1880, there would be filed in the office of the Clerk of the Circuit Court of Lyon county a petition of plaintiff, claiming of defendant the sum of $84,620, and that unless defendant appeared thereto and defended before noon of the first day of the next term of said court, commencing on the 17th day of February, 1880, judgment would be rendered as prayed in the petition. This notice was signed by Treadway & Cleland, attorneys for plaintiff, and it was served October 28th, 1879, on the defendant, the Sioux City & Pembina Railroad Company, by reading the same to C. G. Wicker, president of said railroad company.

On the 27th day of January, 1880, the petition of E. E. Carpenter, by his attorneys, Treadway & Cleland, against the Sioux City & Pembina Railroad Company, was filed in said court, claiming of said defendant the sum of $84,620, and interest from October 28th, 1879. On the 16th day of February, 1880, in vacation, an agreement in said cause was filed in the office of the Clerk of the Lyon Circuit Court, as follows:

"It is hereby agreed by and between E. E. Carpenter, plaintiff in this action, and The Sioux City & Pembina Railroad Company, the defendant herein, pursuant to the provisions of section 2861, of the Code of 1873, that a judgment may be entered in this cause in favor of the plaintiff, E. E. Carpenter, against the defendant, The Sioux City & Pembina Railroad Company, for the sum of eighty-four thousand, six hundred and twenty dollars, and two and $\frac{95}{100}$ dollars costs, and interest on the $84,620 at six per cent from the 28th day of October, 1879, and it is hereby agreed between plaintiff and the defendant herein that this stipulation and agreement for judgment between the parties hereto is signed by the parties named herein for the purpose of complying with the aforesaid section, and to have the same filed with the clerk of the

court, as provided in said section, and a judgment entered up in said case by the clerk of said court, as provided in said section 2861.

"Witness the signatures of the parties hereto this 7th day of February, 1880.

E. E. CARPENTER, <i>Plaintiff</i>,

THE SIOUX CITY & PEMBINA RAILROAD Co., <i>Defendant</i>,
By E. E. CARPENTER, <i>President</i>.

Attest: O. C. TREADWAY, <i>Secretary</i>.

> JOHN M. CARPENTER, ⎞
> JEROME TILLOTSON,  ⎬ <i>Directors</i>."
> JOHN M. TREADWAY,  ⎠

The clerk, upon the filing of this agreement, spread it upon the record, and made the following entry:

"Now, therefore, it is considered and adjudged that the plaintiff have and recover of said defendant said sum of $84,620, with interest thereon at the rate of six per cent from October 28th, 1879, with costs herein taxed at $2.35.

Attest:                               F. A. KEEP, <i>Clerk</i>."

The Lyon Circuit Court convened February 17th. There appeared upon the calendar of said court, among other causes, regularly docketed, the case of E. E. Carpenter, plaintiff, against the Sioux City & Pembina Railroad Company, defendant, with the name of Treadway & Cleland appearing thereon as attorneys for plaintiff, and Joy & Wright as attorneys for defendant. On the opening of the court, the judge directed the clerk to read all the entries made in the record in vacation and that had not theretofore been read, signed or approved. At the said time E. E. Carpenter, plaintiff in said action, J. M. Cleland, a member of the firm of Treadway & Cleland, and C. L. Wright, a member of the firm of Joy & Wright, were present. Among other entries read by the clerk as having been made by him in vacation, was the record purporting to be a judgment entered on the day preceding the opening of said term of court, on a stipulation filed with said

clerk, made between E. E. Carpenter, as plaintiff, on the one part, and E. E. Carpenter as the President of the Sioux City & Pembina Railroad Company, on the other part. At that time there was on file in said court a petition in said cause, and also an original notice, served on C. G. Wicker, President of the Sioux City & Pembina Railroad Company. After the reading of said vacation entries, C. L. Wright, attorney for said defendant railroad company, requested the defendant, as judge of said court, to defer any action on said vacation entry, and not to approve the same until afternoon, and until said attorney could file a motion and application to set the entry aside. The court granted this request and took no action except to continue the matter until the afternoon. On the reconvening of the court E. E. Carpenter and J. M. Cleland, a member of the firm of Treadway & Cleland, were present. C. L. Wright filed a motion and application in behalf of said Sioux City & Pembina Railroad Company, to set aside said judgment entered in vacation, and moved for a continuance of the hearing of said motion, which motion and application were supported by affidavit. At the same time the defendant, through its attorneys, filed a motion to compel the plaintiff to make his petition more specific. On the following morning, the same parties and attorneys being present, and no objection being made to the continuance of the motion, the same was continued to the next term of court. At the next term of court, which convened on the 5th day of October, 1880, E. E. Carpenter, plaintiff, and O. C. Treadway, of the firm of Treadway & Cleland, were present. Upon the hearing of the application to set aside and cancel said vacation entry evidence was introduced by the defendant showing that at the time the agreement for judgment was signed C. G. Wicker was the president of said company, and that none of the parties signing said agreement ever held any official position in said company. The defendant, as judge of said court, thereupon set aside and canceled said vacation entry. Afterward the defendant's attorney presented and argued

to said court the motion for a more specific statement in the petition, which the court sustained. The next day, the plaintiff having failed to amend his petition in conformity to the order of the court, his action was dismissed without prejudice.

The writ of *certiorari* may be granted in all cases where an inferior tribunal, board, or officer exercising judicial functions, is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, when in the judgment of the superior court there is no other plain, speedy and adequate remedy. Code, § 3216. The Code, § 177, provides: "Entries authorized to be made in vacation shall be read, approved, and signed at the next term of court, and may be amended, or any entry therein expunged, at any time during the term at which it is made, or before it is signed by the judge." These provisions clearly confer upon the court jurisdiction over its records, and the authority to refuse to approve, and to expunge, improper records. The court did not act without jurisdiction over the subject-matter. It is claimed, however, that no notice was served upon the plaintiff of the filing of the motion to set aside the vacation entry, and that the judge acted without jurisdiction over the person of the plaintiff. The plaintiff was advised by the law that the vacation entry which he had obtained was subject to the action of the court at the next term. He could not place such an entry upon the records and then withdraw from the court, so as to deprive the court of jurisdiction to pass upon the correctness of the entry. For all purposes connected with the approval of the entry he must be regarded as in court, and subject to its jurisdiction, until final action is taken. The return of the defendant shows that both the plaintiff and his attorney were in fact present, although they seem to have taken no part in the proceeding. We are satisfied from the record that the action of the defendant was not without jurisdiction, nor in such sense illegal as to require that it shall be set aside. We refrain from any com-

ment upon the conduct of the plaintiff, as disclosed by the record.

The action of the defendant is approved and confirmed.