YETZER V. MARTIN.

1. **Practice**: SETTING ASIDE JUDGMENT: ABUSE OF DISCRETION.  It is not an abuse of discretion for the court, upon a proper showing, to set aside a judgment of dismissal, without notice to the other party; and if there was a technical error it was cured by permitting the defendant to be heard on a motion to reinstate the judgment.

2. ———: ———: SUPERSEDING ORDER.  After overruling a motion to reinstate a judgment of dismissal, previously set aside; the refusal of the court to suspend all further proceedings in the case, upon the filing of a *supersedeas* bond, is not a ground for reversal.

*Appeal from Shelby District Court.*

SATURDAY, JUNE 10.

THE defendant appeals from an order of the court, setting aside a judgment of dismissal of the plaintiff's cause of action, and refusing to reinstate said judgment.   The facts are stated in the opinion.

*George W. Makepeace* and *Charles Mackenzie,* for appellant.

*Chapman & Chapman,* for the appellee.

DAY, J.—On the 16th day of October, 1880, the plaintiff filed a petition claiming of the defendant the possession of certain personal property of the alleged value of about $700, alleging that the defendant, as sheriff, held the property under an execution against Kemerick and Baird.   On the 12th day of January, 1881, the defendant demurred to the petition upon the ground, amongst others, that the petition fails to state that plaintiff had served a written notice upon defendant of plaintiff's ownership of the property, and his right to the possession thereof.   The abstract is very much confused as to the dates of the court's action upon this demurrer, and has occasioned us great difficulty in getting at

the real facts of the case. So far as we are able to discover from the whole record, the court sustained the demurrer on the 15th day of January, 1881, and rendered a judgment of dismissal of the plaintiff's action on the 20th day of January. On the same day the plaintiff filed a motion to set aside the judgment of dismissal. This motion was supported by an affidavit of T. C. Chapman, one of plaintiff's attorneys, stating in substance that he was in attendance upon the second day of the term of court, and found that there was no probability of reaching the case for trial, for at least a week from that date, and that, being unable to remain he made an agreement with defendant's attorney to have the cause set for trial on the 20th day of January; that on the 19th day of January, he learned that the defendant's attorney had pressed for hearing the demurrer filed by him, and in order to be sure to be on time he took the evening train of the 19th, for Avoca; that the west-bound train was two hours late and did not reach Avoca until nearly 9 o'clock P. M., after the Harlan train had left; that he endeavored to procure a team next morning, but on account of various delays which he sets out specifically, he found that he could not reach Harlan sooner than by the morning train; that he took the morning train arriving in Harlan at 10:30 A. M., and reached the court room about thirty minutes too late; that he never had any intention of relying upon his petition, and that upon his arrival in the court room he was prepared to amend the petition immediately, and that relying upon the correctness of the court's ruling he brought with him the original notice of ownership served on the defendant, so as to annex it as an exhibit to the amendment intended to be made to the petition. The plaintiff also filed the affidavit of C. J. Helmer, his agent, stating that the plaintiff is the absolute owner of all the property in controversy, and that the parties against whom the execution issued have no interest therein. In connection with the motion to set aside the judgment of dismissal, the plaintiff presented an amendment to his petition alleging due

service of notice of his ownership of the property upon the defendant, before the commencement of the action. The court thereupon, on the 20th day of January, set aside the order of dismissal.

On the 15th day of August, 1881, the defendant filed a motion, supported by affidavits, to strike plaintiff's amended petition from the files and to reinstate the judgment entered in favor of defendant at the January term. The court overruled this motion.

We are clearly of opinion that the court did not abuse its discretion in setting aside the default, and in refusing to. re-

1. PRACTICE: setting aside judgment: abuse of discretion. instate the judgment on defendant's motion. The defendant's attorney sets up in his affidavit that upon the entering of the judgment of dismissal he left the court and that he was not present when the motion to set aside the judgment was filed and determined. The defendant claims in his argument that the court erred in entertaining this motion without notice to him. It is a sufficient answer to this objection that the motion to reinstate the judgment does not ask relief upon this ground. Besides, if there was even a technical error in considering the motion to set aside the order of dismissal without notice to defendant, it was cured by the subsequent appearance of the defendant, and the courts permitting him to be heard upon the motion to reinstate the judgment. The defendant presents no reasons in his affidavits, why the judgment of dismissal should not have been set aside.

II. The abstract contains the following recital: "Now comes the defendant, and upon the overruling of the motion

2. ——:——: superseding order. to reinstate judgment, asks leave of court to suspend all further proceedings in said cause by the filing of a supersedeas bond. The court refuses to suspend proceedings upon the filing of supersedeas bond, and to such action of the court defendant excepts. The defendant objects to the trial of said cause or any further proceedings being had in said cause. The court overrules

the objection and defendant excepts." The defendant assigns and urges this action of the court as error. We are unable to see how this action can be made a ground of reversal. The mode of staying a judgment or order is prescribed in sections 3186 and 3187 of the Code. The bond for this purpose must be presented to the clerk and if he unjustly refuses to approve it, application may be made to the Supreme Court, or a judge thereof. But, when an order has been determined to have been correctly made, it is then too late for a party to claim relief because he was not allowed to supersede it. A party cannot claim that he has been prejudiced by the enforcement of a correct order or judgment.

AFFIRMED.