WOLMERSTADT V. JACOBS.

1. **Practice:** AMENDING THE COURT RECORD. Where the court, under a mistaken view of the law, has made and entered an erroneous decision, it is not only the right of the court, but its duty also, under section 178 of the Code, to correct the error on its own motion, if discovered during the term at which it was made, or before the record has been signed.

2. ———: TENDER: EFFECT OF: JUDGMENT ON. Where the action was at law, but a counter claim was pleaded in two parts, one part presenting a legal, and the other an equitable, issue, and plaintiff tendered into court the amount claimed upon such equitable issue, *held* that, as defendant might have accepted the amount tendered, he had no need of a judgment therefor, and that such tender took the equitable issue out of the case, but left the legal issue to be tried.

*Appeal from Jackson Circuit Court.*

FRIDAY, JUNE 15.

THE plaintiff's action was at law. The defendant pleaded a general denial and a counter claim—first, for money loaned, and, second, a promissory note secured by mortgage; and a foreclosure of the latter was asked. In a reply, the plaintiff admitted that there was due on the mortgage $105.53; and he asked that the same might be offset against the amount he might recover in his action at law. The plaintiff demanded a jury to try the legal issues, to which the defendant objected, on the ground that an equitable counter claim had been pleaded, and therefore the whole case was triable in equity. The objection was overruled, and the court held that the legal issues should first be tried. While a jury was being impaneled, the plaintiff pleaded a tender, as follows: "Now  *  *  comes the plaintiff and tenders the sum of $105.35, the actual amount which he admits to be due on the note and mortgage of the said defendant filed herein and set up as a cross demand to this action, and asks that said note be canceled and the mortgage satisfied of record by the defendant." The amount tendered was paid to the clerk. After the jury was sworn, and before any evi-

dence had been offered, the defendant filed an acceptance of the tender as follows: "Now comes the defendant and admits that the sum tendered by plaintiff to defendant and paid into court is the amount due defendant from plaintiff. The defendant also filed a motion for a judgment for the amount tendered, and for costs, on the grounds that there was nothing left to try, as, by tendering the amount due, this was an end of the case, and defendant was entitled to judgment as asked. The motion was sustained, the jury discharged, and judgment rendered for the defendant, to which plaintiff excepted. Five days afterward, and during the same term, the court "on its own motion, and without any motion having been made or filed for a new trial by the plaintiff, expunged the order, ruling and judgment" theretofore rendered, as above stated, and made the following decision: " Motion to withdraw case from the jury and for judgment against the plaintiff for the amount tendered overruled;" to which the defendant excepted and appeals.

*J. Hilsinger* and *L. A. Ellis*, for appellant.

*T. W. Darling* and *D. A. Wynkoop*, for appellee.

SEEVERS, J.—I. It is said, the court erred in setting aside the first order and judgment, and in overruling at a subse-

1. PRACTICE: amending the court record.

quent day the defendant's motion for judgment on the plea of tender. The statute provides that the court record "is under the control of the court, and may be amended, or any order therein expunged, at any time during the term at which it is made, or before it is signed by the judge." Code, § 178. Under this section it has been held the court on its own motion may correct its record. *Boals v. Shules*, 29 Iowa, 507. The court has the power to change the ruling made in sustaining a demurrer, upon discovering its mistake or error, and may expunge the first ruling from the record and make a different one. *Brace v. Grady*, 36 Iowa, 352. But it is said, the court cannot anni-

hilate facts for the purpose of changing a prior ruling. This is undoubtedly true; but the court did not do so in the case at bar. As a fact, the tender existed at the second as at the first ruling. When the latter was made, the court held that the defendant was entitled to judgment on the whole case. In making the second ruling, the court held that he was not entitled to such judgment. The legal effect of the tender was all that the court at any time decided. Conceding the first decision to have been erroneous, or made under a mistaken view of the law, we think it was not only the right of the court under the law, but its duty to the party wronged, and also to itself, on its own motion to correct the wrong or mistake.

II. It is insisted by the appellant that the first decision was right, and that the court erred in changing such decision.

2. ——: tender: effect of: judgment on. That a tender admits the amount tendered to be due, there is no doubt; and that if made in the whole case, and not confined to any particular matter pleaded, the adverse party is, if he chooses to accept it, entitled to the amount tendered, and, if entitled to such right, entitled to judgment therefor, cannot be doubted. *Gray v. Graham*, 34 Iowa, 425; *Wright v. Howell*, 35 Id., 288; *Babcock v. Harris*, 37 Id., 409. There are other cases decided by this court to the same effect. None of them, however, go further than above stated. In the present case, as to one matter pleaded as a counter claim, the issue was triable at law, and as to this item either party was entitled to trial by jury; and this is so as to plaintiff's action. The other matter pleaded presented an equitable issue, and was triable by the court. The tender simply admitted that, as to the equitable matter and issue, there was a certain amount due, and to this the defendant was entitled without any judgment therefor, if he chose to accept it. No judgment was essential. Such tender eliminated from the case the equitable issue. As to it there was no longer any controversy. But it had no effect on the other issues, simply because it had

no application thereto. Such issue remained for trial in the same manner and to the same extent as if no such defense had been pleaded.

AFFIRMED.