S. R. and I. O. McConnell, Appellants v. Dallas B. Avey. D. J. Odell, Danson & Butler and George W. Baily, Trustee in Bankruptcy, Appellees.

**Judgment in Vacation:** MAY BE MODIFIED BEFORE RECORD IS SIGNED. Where a judgment against several defendants, rendered in vacation, was signed and copied into the record, but the record itself was not signed, the jurisdiction of the court to modify such judgment at a succeeding term by canceling it as to part of the defendants, for the reason that as to them it was not supported by the evidence, and because planitiff had conceded on the hearing that there was no cause of action against them, was not dependent on proceedings under Code, sections 4091-4094, relating to modification and vacation of judgments by the trial court, but under sections 243 and 244, providing that the record may be amended, or any entry therein expunged, at any time before it is signed by the judge; and the court had power to make such modification on motion, after notice to plaintiff.

*Same.* The court had power of its own motion to reconsider such judgment as to a defendant not named in the motion, and to cancel as to him.

*Same.* A judgment entered in vacation is under the control of the court and subject to modification or correction until finally approved.

*Waiver of notice by appearance.* Appearance and objection to the modification of a judgment under Code, sections 243, 244, authorizing amendments of the record, constitute a waiver of notice of proceedings to modify.

**Evidence:** *Knowledge of Judge.* Under Code, sections 243, 244, authorizing amendments of the record, the court may modify a judgment solely upon the knowledge gained by it during the trial, and upon facts shown by the pleadings and other records in the case.

*Appeal from Kossuth District Court.*—Hon. W. B. Quarton, Judge.

FRIDAY, MAY 23, 1902.

APPEAL from the modification of a decree entered by the trial court. The facts will appear in the body of the opinion. —*Affirmed.*

*E. V. Swetting* and *E. A. Morling* for appellants.

*Frederick M. Curtiss* and *Sullivan & McMahon* for appellee Baily, trustee. *Sullivan & McMahon* for appellee Odell. *W. C. Danson* and *J. C. Raymond* for appellees Danson & Butler.

DEEMER, J.—Originally this was an action to recover possession of specific personal property, based on the ground that plaintiff was induced to part with the same under false and fraudulent representations made to it by defendant Avey, to whom the goods were shipped. Defendants Odell and Danson & Butler claimed the goods under a chattel mortgage made to them by Avey; and defendant Baily, trustee, claimed them in virtue of bankruptcy proceedings instituted against Avey after this action was commenced. Thereafter an amended and substituted petition in equity was filed, and the case, on plaintiff's motion, was transferred to the equity docket for trial. On the issues tendered by the amended and substituted petition in equity, and the answers thereto, the cause was tried to the court at the April, 1900, term, and, by agreement, taken under advisement, to be decided in vacation as if rendered during the April term.

During vacation, and on September 10, 1900, the trial court wrote out a decree finding for plaintiff as against all defendants, and rendering judgment against each and all of them for the value of the goods, with interest and costs. This decree was signed by the judge, and sent to the clerk of the Kossuth county district court, who entered it upon the proper records of said court. The regular September, 1900, term of the Kossuth county

district court, commenced on the 17th of that month, and continued until November the 5th, on which last-named date it adjourned *sine die.* On October 6, 1900, defendants Danson & Butler, filed a motion to modify the decree by canceling the judgment rendered against them, on the ground that no evidence was adduced on the trial against them, and on the further fact that it was conceded on the hearing that plaintiff had no cause of action against them. This motion was submitted to the court in term time, and on the 20th day of October, 1900, the following rule was made, which was duly served on plaintiffs: "And now, to-wit, on this 20th day of October, A. D. 1900, this cause coming on for hearing upon the motion of Danson & Butler to modify the decree signed in this cause so that the same shall not be a judgment against Danson & Butler; and the court, on its own motion, hereby orders that the said motion be taken up for consideration on the 3d day of November, 1900; and the court further orders that the question as to whether the said decree should be modified so as not to be a judgment against the defendant D. J. Odell, and also as against George Baily individually, be taken up and considered at the same time, and on the same date. And it is further ordered that notice of the time and place of hearing on said motion be served upon the plaintiffs, S. R. McConnell and I. C. McConnell, and that the said hearing is set at ten o'clock a. m., November 3, 1900, to which time this term of court is adjourned. You will take notice hereof, and govern yourselves accordingly." On November 2d the plaintiffs appeared and resisted the motion of Danson & Butler, and filed objections to the modification of the decree. These objections were based on the ground that the court had lost jurisdiction of the case; that the parties were not properly before the court, and that the motion was filed too late (it being the 14th day of the September term); and that the grounds of the motion were insufficient to justify the order asked.

The motion and objections were submitted, and on November 5th, and during term time, the court made a modified decree dismissing the plaintiffs' petition in equity as against Danson & Butler and Odell, and withdrawing that part of the decree of September 10th which rendered judgment against them. This last decree was prepared and signed by the trial judge, as was the one dated September 10th, and each was filed with the clerk and recorded in the proper docket. Neither of the recorded decrees has ever been signed by the judge as required by section 242 of the Code.

The contention made by the plaintiffs and appellants is that the court had no jurisdiction of the motion to modify the decree, and that the decree filed for record November 5, 1900, is void and of no effect; that no proper notice was given them of said motion; that no evidence was adduced in support of the motion to modify; and that the ruling thereon was therefore erroneous. It is argued that the proceeding was under sections 4091-4094 of the Code, providing for the modification and vacation of judgments in the trial court; that none of the grounds for such a proceeding are shown in the motion; and that the motion was not filed in time,—the statute (section 4093) requiring it to be filed on or before the second day of the term succeeding the one at which the judgment was rendered. On the other hand it is claimed that the proceedings were not under these sections, but under sections 243 and 244, which provide, in substance, that the record is under the control of the court, and may be amended, or any entry therein expunged, at any time during the term at which it was made, or before it is signed by the judge, and that entries made and signed at a previous term may be altered to correct an evident mistake. The record referred to in these last sections is not the formal decree signed by the judge and copied into the record, but the record itself, as found in the books which clerks are

authorized to keep; and this record may be corrected and amended any time before it is signed. *Bosch v. Kassing*, 64 Iowa, 312. This may be done by the court on its own motion. *Wolmerstadt v. Jacobs*, 61 Iowa, 372; *Brace v. Grady*, 36 Iowa, 352. If done at a subsequent term, it must, as a general rule, be with notice to the parties interested. *Elsner v. Shrigley*, 80 Iowa, 30; *Hawkeye Ins. Co. v. Duffie*, 67 Iowa, 175. But the parties may, by appearance, waive formal notice. *Chicago, Iowa & Dakota R'y Co. v. Estes*, 71 Iowa, 603. The court may act upon knowledge gained by it during the trial, or upon facts shown by the pleadings and other records in the case. *Stockdale v. Johnson*, 14 Iowa, 178; *Risser v. Martin*, 86 Iowa, 392; *Deere v. Nelson*, 73 Iowa, 186. A judgment entered in vacation is under the control of the court, and subject to modification or correction, until finally approved. *Porter v. McBride*, 44 Iowa, 479. Indeed, it has been held that the court may, at the next term after a vacation order is made, proceed to correct or expunge it without notice to the party at whose instance it was made. *Carpenter v. Zuver*, 56 Iowa, 390. These well-estabished rules so fully answer all contentions made by appellants that there is no need of making direct application of them to the facts above recited. In view of the decisions quoted, there is scarcely a debatable proposition in the case.

Appellee's motion to strike appellant's amended abstract is overruled.

There was no error in modifying the decree, and the order is AFFIRMED.