J. B. WILLSON, Plaintiff, v. DISTRICT COURT OF POLK COUNTY, IOWA, LAWRENCE DEGRAFF, one of the Judges thereof, Defendant.

**Judgments:** ORAL DECISION: AMENDMENT: JURISDICTION. After a judgment or order has been entered of record the court has no authority to change the same without notice, even at the same term. Where, however, upon a hearing for the removal of an administrator opportunity was given him to make defense, and at the close of the hearing the court orally announced that there was no reason for removal and directed him to file his reports, but the decision was not made a matter of record, a subsequent order at the same term, on the court's own motion, removing the administrator without further notice was within the jurisdiction of the court.

**Administrators:** REMOVAL: GROUNDS: SUFFICIENCY. An administrator may be removed when dilatory in the settlement of the estate; and where a petition for removal alleged facts showing unnecessary delay an order of removal based thereon will not be disturbed, merely because the evidence showed that the administrator was interested in the estate and a controversy had arisen between himself and the heirs.

**Appeal:** ABSTRACT: AMENDMENT. An amended abstract setting out matters which were omitted from the original and making corrections therein, all of which were necessary, will not be stricken.

*Certiorari to Polk District Court.*

SATURDAY, JUNE 20, 1914.

THIS is an original action by certiorari to have determined the validity of an order removing petitioner as administrator. The proceedings are dismissed, and the judgment—*Affirmed.*

*A. H. McVey,* for plaintiff.

*H. N. Hansen* and *Clarke, Byers & Hutchinson,* for defendants.

PRESTON, J.—Petition for letters of administration was filed by plaintiff, J. B. Willson, on March 23, 1910, and on the same day he was appointed and qualified as administrator of the estate of Thomas R. Wilson, deceased. Notices of his appointment were posted on April 1, 1910. Proof of such posting was filed March 4, 1911. No inventory was filed until August 2, 1910, and this was pursuant to an order of the court made July 15, 1910. Upon the application of creditors, the administrator was ordered to make and file an inventory on or before July 25, 1910, and the order directed that notice thereof be served forthwith upon the administrator. The inventory filed showed cash on deposit in the Des Moines National Bank of $3,319.92; also a note of I. J. Ketner, due September 1, 1911, which was said to be good, and a number of promissory notes not described.

No other report of any kind was filed until the petition for removal of the administrator was filed April 16, 1913, by the heirs of the estate, and thereafter, on April 26, 1913, more than three years after the appointment of plaintiff as administrator, and ten days after the filing of petition for removal, he filed the report designated as first report of administrator, and on the same day he filed what is called a second report of administrator. The first report shows that twelve claims,

amounting to $1,211.61, had been filed, and that there were funds on hand with which to pay them; they were ordered paid, and, in addition thereto, $150 attorney's fees. The second report shows that he had received certificate of deposit, $3,269.17, the Ketner note, $1,000, and three smaller items, making a total of $4,536.19 received, and the payment of $4,462 on claims, and to the heirs, and attorney's fees.

The petition for removal was made by six of the heirs, and alleges, among other things, that the administrator is a son-in-law of the deceased, and that at the time of the death of the deceased he held a note against his said son-in-law for $3,000, due March 1, 1913, and that there were other notes than these listed in the inventory held by said deceased at the time of his death; that the administrator had made no effort to collect the notes, except the one Ketner note, and that through his neglect a number of notes had become barred; that the heirs had repeatedly requested him to collect said notes; that more than three years had elapsed since the appointment of the administrator, and that no effort had been made to close up the affairs of the estate, and that for more than three years the administrator made no report.

On April 16, 1913, an order of court was made and entered, fixing April 28, 1913, as the time for hearing, and órdered that seven days' written notice thereof be served upon said administrator, requiring him to appear and answer said complaint. The notice recited that his removal was asked on account of his failure and refusal to account for certain money and property in his possession and to make the reports of the condition of said estate, as provided by law; for further particulars was referred to the petition on file. This notice was served on the administrator personally April 19, 1913, in Wayne county, Iowa, of which county the administrator was a resident. On April 28, 1913, the hearing was continued, and was subsequently continued from time to time until the 20th of June, 1913.

The administrator answered such petition, stating that

he had faithfully administered the affairs of the estate and accounted for all moneys received by him, that for more than a year the attorney for petitioners had been fully advised of all the facts in connection with the administration of the estate; says that he will account for all money belonging to the estate; denies that he is indebted to the estate in the sum of $3,000; says that three of the petitioners are indebted to the estate in the sum of $660; and admits that he has not brought suit against them because they are not responsible. He says also that he is willing to meet any criticism or objection to his report which the heirs may have.

On said June 20, 1913, the case came on for hearing before the defendant judge, petitioners appearing by their attorney, and the administrator appeared by his attorney, A. H. McVey, and evidence was taken. One of the petitioners testified from a paper shown to her in regard to fourteen notes owing to the estate of deceased by persons other than those named in the inventory filed by the administrator. The witness seems not to have a great deal of information about the matter, but defendant's answer admits that he made and furnished the paper from which she read. She also testifies that no action had been taken to collect these notes to her knowledge; that she had inquired from the administrator respecting them, and that no proceedings had been taken; that deceased died at the home of the wife of the administrator; that money and notes was all the property deceased had at the time of his death; that the heirs had done everything they knew to do to get the estate closed and had had no success; that it was no nearer than it was at first; that they called on the administrator and his attorney often, but could get no satisfaction; that there has been no effort made to distribute the notes among the heirs in kind, without collecting them, and no offer to do so. While the witness was testifying as to the notes the following inquiry was made by the court and answered by the attorney for administrator:

Court: Were these notes listed as assets in the inventory?

Judge McVey: They are listed in the inventory as a number of notes. The description the administrator did not know at that time. That is the only inventory that has been made.

During the trial, or at its conclusion, on said June 20, 1913, the court said:

Court: These reports show what has been done up to the time of the making of them, which was the 21st of February of this year. There is not anything, so far as the report is concerned, that the court would impeach in this proceeding. The only contention is you claim certain notes the administrator has been lax in failing to collect. This witness knows nothing about these notes. The only thing to do would be to call the administrator into court and have him explain or show what assets he has, if any, belonging to the estate. I will make an order causing the administrator to report any and all assets, including notes, showing the date of making, amount, and maker. That order may be entered. The administrator will be given ten days in which to file supplemental report, being the inventory, showing any and all assets and claims of any character whatsoever in favor of the estate since the filing of his last report, and to specifically show any and all notes owing to the estate, time of making, makers and amounts thereof.

Both parties excepted to the ruling of the court. As we understand the record, this oral statement by the court was taken down by the reporter. At any rate, it was never entered of record as an order.

The record shows that after the hearing and within the time fixed by the court, as extended, and on the 11th day of July, 1913, the administrator filed a report on notes, and recited that it is in compliance with the order of the court heretofore made. He says that a list of the notes belonging to the said estate was furnished some of the heirs who are making complaint in this case, and that the attorney for said heirs has had for more than a year last past a list of the notes which

belonged to the deceased and which are referred to in the application. He says further that the list of notes used by the attorney for the heirs at the hearing before Judge De Graff in June, 1913, was furnished by the administrator and his attorney. He says there is appended to the report a list of said notes and the facts in reference thereto required by the order of the court made in this case. The abstract then recites:

Then follows in said report a list of notes which shows that they are from ten to fifteen years old, with two or three exceptions. . . . Most of the makers have failed, many have changed residences, and they have offsets in one form or another.

On July 16, 1913, without any further notice or hearing, and in the absence of counsel for the plaintiff and the administrator the court made an order removing the administrator. Plaintiff's abstract recites that this order was made before the administrator's report on notes was filed, but the corrected abstract gives the date of the filing of that report as July 11th, or five days before the order of removal. The abstract recites that the time for filing this report was extended. The order, among other things, finds and recites that the court is of the opinion that in view of the fact that the present administrator is personally interested in the estate, and that there are controversies existing between him and other persons interested, that it would be for the best interests of the estate that he be removed, and that a stranger or disinterested person be appointed as his successor; that the administrator has not been unfair or dishonest in the administration of the estate, but has been dilatory in prosecuting the debts and obligations due to the estate. He was ordered removed, and the Commercial Savings Bank was appointed in his stead, and the administrator ordered to deliver to said bank all the property in his or his attorney's hands, or under his control, belonging to the estate. The order of removal was made at the same term.

I. The plaintiff contends that the defendant judge acted

illegally and in excess of his jurisdiction in making the order of removal and appointing another administrator without further notice to him or his attorney after the hearing and so-called order of June 20th; that he was removed without a hearing; and that he had no opportunity to be heard. It is conceded by both parties that it is not now a question in this sort of proceeding whether the trial court erred or abused its discretion, but whether it had power to make the order. Plaintiff appeared and answered in the removal proceedings, and no complaint is made that the notice was not denominated a citation. Plaintiff proceeds upon the theory that the so-called order of June 20th was a final order and determintion. On its face, it contemplated further action by the administrator; that is, filing of a further report.

1. JUDGMENTS: oral decision: amendment: jurisdiction.

The defendant contends that, at most, it is no more than an interlocutory order, or an announcement of the court of his idea of the matter, and that, as there was no order entered of record, the proceeding was still pending; that the trial court had the right, during the term, to change its mind at any time before an order was entered of record. It is evident that is what the trial court did, for in its statement June 20th the court seemed to think there was no improper conduct shown, or cause for removal, but only that the administrator should make his report more specific as to the notes not theretofore listed, while in the order of July 16th, as finally entered of record, the court concluded there was sufficient cause shown for removal. We think that, under our prior holdings, the trial court had the right to change his view of the matter, or the case could be treated as still pending until some final disposition was made of the case more than was done here.

It is claimed by plaintiff that he treated the statement of the court made June 20th as an order, and that he attempted to comply with it. There may be some doubt as to whether plaintiff's report did comply therewith—that is, whether it was as specific as required—but, without determining that,

suppose petitioners in the district court had filed a motion to strike the administrator's last report, as not complying with the court's suggestion, would plaintiff claim that he would be entitled to notice of such motion? If not, it would be because the matter was still pending. As already stated, the so-called order of June 20th contemplated further action by the administrator.

In *Smith v. Willcockson,* 143 Iowa, 449, it was held that, until the decree was entered on the proper record, it was not conclusive, but was subject to the control of the court, and plaintiff was bound to take notice of any motion for its modification or correction, without notice.

After the judgment or order has been entered of record, the court may not change the record without notice, even at the same term. *Hammil v. Brewing Co.,* 165 Iowa, 266; *Hawkeye Ins. Co. v. Duffie,* 67 Iowa, 175; *Kwentsky v. Sirovy,* 142 Iowa, 394. See, also, as bearing upon this proposition, *Holtz v. Printing Co.,* 150 Iowa, 91.

The court may, on its own motion, change its ruling and the order before it is entered or signed. *Wolmerstadt v. Jacobs,* 61 Iowa, 372; *Brace v. Grady,* 36 Iowa, 352; *Robbins v. Neal,* 10 Iowa, 560; *McConnell v. Avey,* 117 Iowa, 282; Code, section 243.

It follows, we think, that if the court may set aside a decree or order on the motion of one of the parties, without notice to the opposite party, the court may set aside, on its own motion, without such notice. In *Carpenter v. Zuver,* 56 Iowa, 390, it was held that the court may, at the next term after a vacation order is made, proceed to correct or expunge it, without notice to the party at whose instance it was made, and that the case is pending until a final determination. We may say, however, that we think it would be fairer and better practice for the court to require a notice of some kind, or to notify counsel, that they may be present.

In the case of *Haddick v. District Court,* 160 Iowa, 487, cited by plaintiff, the statute was not complied with in any

respect. There was no petition filed, and no citation or notice, nor opportunity for answer, and no hearing in fact.

In the case at bar notice was served; defendant appeared and answered, and had an opportunity to make any showing he saw fit, and there is nothing in the record to show that he was deprived of the right of offering testimony or of being heard fully. In the present case the trial court may have well concluded that his statement of June 20th was erroneous, for in that he stated that there was no irregularity, but there was an abundance of evidence, and it was shown by the record, that the plaintiff had been dilatory. But, as before stated, it is conceded that it is not a question for us to determine, in a proceeding of this character, whether there was error or not.

It is said by plaintiff that there was no trial whatever upon the issues presented by the petition and answer, and that therefore plaintiff was illegally removed from his office as ad-

2. ADMINISTRA-
TORS : removal:
grounds : suffi-
ciency.

ministrator, without due process of law. It may be conceded that the order, as finally entered July 16th, is broader than the allegations of the petition, for that the order recites that, under the evidence, plaintiff was interested, and that there had been controversy between the administrator and the heirs. But the petition does allege sufficient facts to show that the administrator had been dilatory, and that is one of the grounds upon which the court based the order of removal. This, we think, is a sufficient ground for removal under Code, section 3416, which provides, among other things, that an administrator may be removed where for any reason it appears for the best interests of the estate. The law prescribes the duties of an administrator in reference to filing inventories and reports. The heirs and creditors of the estate are entitled to have the estate promptly settled.

In view of the conclusion we have reached—that plaintiff was in court after notice, and had opportunity to be heard, and that the court had authority to change its view of the

matter—it is unnecessary to discuss the other point argued by plaintiff, and the question raised by defendant as to whether certiorari will lie.

Plaintiff has filed a motion to strike parts of defendant's amended abstract.   The amended abstract sets up matters

3. APPEAL: abstract: amendment.

which were omitted, and makes corrections in certain dates set out in the abstract.   It appears to us that the amended abstract was necessary, and the motion to strike is therefore overruled.

The trial court had power to make the order.

The writ is dismissed, and the judgment and order appealed from is—*Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.