B. F. Loos, Appellee, v. Callender Savings Bank et al.,
Appel'ants.

**JUDGMENT:** Opening or Vacating—Interlocutory Orders—Same
1 Term—Notice. Any unsigned order or judgment not constituting a final judgment binding upon the parties as an adjudication may, without notice, be set aside by the court at any time during the term at which it is entered. (Sec. 243, Code, 1897.) So *held* where the court, *without notice,* set aside, at the same term, an unsigned and improvidently entered order dismissing an action. (See Sec. 3764, Code, 1897.)

**JUDGMENT:** Opening and Vacating—Jurisdiction to Reinstate
2 Cause. The entry by the court of an order of dismissal of an action because of failure to prosecute does not deprive the court of jurisdiction over the defendant to reinstate the cause during the same term.

**EVIDENCE:** Best and Secondary—Abstract on Former Appeal. One
3 seeking to have a judgment against him vacated cannot establish that he has a defense to the claim by introducing his own testimony as it appears in a printed abstract used on a former appeal in the same cause.

**JUDGMENT:** Opening and Vacating—Defense—Necessity to Establish. One seeking the vacation of a judgment against him must
4 show that he has a defense to the claim.

*Appeal from Polk District Court.*—Hubert Utterback, Judge.

Friday, March 10, 1916.

Suit in equity to set aside a judgment obtained by one Frank O. Peterson, now deceased, against the plaintiff in the district court of Polk County, Iowa, on October 7, 1912. The trial court granted the relief prayed, and defendants, who are the heirs at law and representatives of the deceased, the sheriff of the county, and an endorsee of the original cause of action, appeal.—*Reversed.*

*R. & F. G. Ryan,* for appellants.

*B. F. Loos* and *Ira W. Anderson,* for appellee.

DEEMER, J.—I. The judgment which is sought to be set aside was rendered upon a promissory note for the sum of $1,000, signed by plaintiff herein, and made payable to F. O. Peterson, now deceased. It was executed May 22, 1903, and, as we understand it, was secured by second mortgage upon some real estate. Subsequently, the note was endorsed by Peterson to the Callender Savings Bank for some shares of stock in an insurance company. The bank brought suit on this note in the district court of Polk County against Loos, and Peterson, the endorser of the note. Loos pleaded fraud and duress in obtaining the note, and Peterson interposed a general denial. Upon a hearing before a jury, the trial court directed a verdict against Loos, which, upon appeal to this court, was reversed. See *Callender Savings Bank v. Loos,* 142 Iowa 1. Procedendo was filed in the district court, May 3, 1911, and on August 20, 1912, plaintiff in the action filed a trial notice. The cause was on the calendar for the September and November terms of that year, and it was marked ''for trial''. On September 12, 1912, the judge presiding called the calendar and, reaching the case of *Callender Bank v. Loos,* dismissed the same on his own motion, for want of attention. On October 4th of the same year and during the same term, the court, on plaintiff's motion, reinstated the cause upon the docket and assigned it for trial on October 7, 1912. All these orders were made without any notice's being served upon Loos. The Callender Bank assigned the note back to Peterson, and he was substituted as plaintiff. When the case was reached for trial on the day assigned, Loos did not appear, and Peterson took judgment against him upon the note for the amount thereof, with interest. Thereafter, on February 19, 1915, plaintiff commenced this action to set aside the judgment so obtained, as being without jurisdiction, in that he had no notice of the reinstatement of the case after its dismissal ''for want of attention''. He pleaded that he was in no manner indebted to Peterson upon the note and that the judgment was obtained through fraud. He averred also that he had no

notice of the judgment until just before the commencement of the suit, when the sheriff appeared with an execution and was about to levy on his property and harass and annoy him with the execution. The heirs of Peterson (he in the meantime having died) were made parties defendant, as were also the sheriff and the Callender Bank, and he asked that the judgment be canceled and set aside and defendants restrained from enforcing the same. The petition was amended in some particulars, and the petition as amended was demurred to by the defendants; but this demurrer was overruled, and defendants then amended, denying generally and pleading acquiescence, laches and estoppel on the part of plaintiff. On these issues, the case was tried, and the facts so far recited are not in substantial dispute.

The original case of *Callender Savings Bank v. Loos* was reversed by this court for errors committed on the trial, and it was remanded for a new trial, no judgment being ordered by this court, and, as already pointed out, procedendo was returned and the case was again placed upon the docket for trial. A trial notice was filed for the September, 1912, term of court; but the presiding judge evidently overlooked this, and in calling the docket, ordered a dismissal of the case at plaintiff's costs, for want of attention. Within a short time thereafter, and during the same term, the judge's attention was called to the matter, and he set aside the order and judgment, ordered a reinstatement of the case, and assigned it for trial on October 7, 1912. When reached on this assignment, plaintiff herein (defendant in that action) made no appearance, and judgment was rendered against him on the notes. Nothing was done by him with reference to this judgment until he commenced this suit, and he testified that he knew nothing of the judgment until a few days before, when the sheriff appeared to levy upon some property of his, and that he then commenced this independent action in equity to set aside the judgment because of want of jurisdiction in the court over his person. Whether or not he knew of the judg-

ment before this time is a matter of dispute, the trial court evidently finding, however, that he did not know of the judgment. When this suit came on for trial, it seems that most of the papers in the case, the transcript of the evidence and some other matters were 'lost; and although plaintiff was present in court, he, to substantiate the claim that he had a defense to the note, introduced in evidence the abstract used on the appeal of the Callender Savings Bank case and read therefrom what purported to be his testimony on the trial of that case,—this over the objections of the defendants that it was incompetent, irrelevant and immaterial, and that such testimony was also inadmissible because of the incompetency of the witness to testify as to transactions with Peterson, now deceased.

1. JUDGMENT: opening or vacating: interlocutory orders: same term: notice.

The case presents these questions of law: First, was the trial court without jurisdiction of plaintiff, defendant in judgment, when it ordered the judgment against him? Second, was plaintiff required to show that he did not owe anything on the notes when the judgment was obtained?

Upon the first question, we have recently held that an order of dismissal, such as was here entered, could not be expunged and the cause reinstated at a subsequent term of court without notice to the party in whose favor the original dismissal was entered. See *Des Moines Union Railway Co. v. District Court of Polk County,* 170 Iowa 568. The question as to how far a court might go in this respect at the same term without notice was expressly left open for future consideration. Section 243 of the Code of 1897 provides that the record made by the district court is under the control of the court, and may be amended or any entry therein expunged at any time during the term at which it is made or before it is signed by the judge. It does not appear that the record of dismissal was signed by the judge, and it is expressly shown that it was expunged at the same term, upon suggestion of counsel for Peterson, but without notice to plaintiff herein.

Had the record been signed, then, under the authority of *Hawkeye Ins. Co. v. Duffie,* 67 Iowa 175, and *Kwentsky v. Sirovy,* 142 Iowa 385, notice should have been given to the successful party, in order that he might be bound by the subsequent proceedings. The order in the instant case was not a final judgment on the merits, but a dismissal for want of attention at plaintiff's costs. It was not a finality and could not have been pleaded as an adjudication (Code Sec. 3764) ; in that sense, it was an interlocutory one, and as it had not been signed, the trial court was, as we think, authorized to change it without notice at any time during the term. The statute expressly so provides, and the cases are in harmony upon the proposition. See *Carpenter v. Zuver,* 56 Iowa 390; *Bosch v. Kassing,* 64 Iowa 312; *Wolmerstadt v. Jacobs,* 61 Iowa 372; *Brace v. Grady,* 36 Iowa 352; *Yetzer v. Martin,* 58 Iowa 612; *Byington v. Quincy,* 61 Iowa 480; *Todhunter v. DeGraff,* 164 Iowa 567; *Willson v. District Court,* 166 Iowa 352; *Puckett v. Guenther,* 142 Iowa 35. In *Carpenter's* case, *supra,* it is said:

" 'Entries authorized to be made in vacation shall be read, approved and signed at the next term of court, and may be amended, or any entry therein expunged, at any time during the term at which it is made, or before it is signed by the judge.' These provisions clearly confer upon the court jurisdiction over its records, and the authority to refuse to approve, and to expunge, improper records. The court did not act without jurisdiction over the subject-matter. It is claimed, however, that no notice was served upon the plaintiff of the filing of the motion to set aside the vacation entry, and that the judge acted without jurisdiction over the person of the plaintiff. The plaintiff was advised by the law that the vacation entry which he had obtained was subject to the action of the court at the next term. He could not place such an entry upon the records and then withdraw from the court, so as to deprive the court of jurisdiction to pass upon the correctness of the entry. For all purposes connected with the approval

of the entry, he must be regarded as in court and subject to its jurisdiction, until final action is taken.''

In the *Willson* case, *supra,* the court used this language:

''It follows, we think, that if the court may set aside a decree or order on the motion of one of the parties, without notice to the opposite party, the court may set aside, on its own motion, without such notice. In *Carpenter v. Zuver,* 56 Iowa 390, it was held that the court may, at the next term after a vacation order is made, proceed to correct or expunge it, without notice to the party at whose instance it was made, and that the case is pending until a final determination.''

The rule is based upon the thought that, until there be a final judgment binding upon the parties as an adjudication, the court, during the term at which it is rendered, having full power over its own records, may expunge, change or modify the same without notice; since, until final judgment of the court, it has full and complete jurisdiction of the case and control of its records, and everyone is presumed to be in court until the final judgment is pronounced and the term is at an end. This is peculiarly so as to all interlocutory orders, which the court may change at any time on its own motion. It has frequently been held that a judge during term time may change his ruling on a demurrer or upon any other interlocutory matters during the term, or may change a record to make it speak the truth. Here the order of dismissal was improvidently made; for the plaintiff in that case was giving it attention, and had filed a trial notice in the case for that very term, and, upon having his attention called to the matter, the judge set aside the order of dismissal and assigned the case for trial, because of the trial notice filed for plaintiff.

2. JUDGMENT: opening and vacating: jurisdiction to reinstate cause.

It cannot be said that jurisdiction over the person of the defendant (plaintiff herein) was lost because of the entry of dismissal. He was still constructively in court and bound by the action taken. We have been cited to no case holding to the contrary.

II. The plaintiff made no competent proof that he was not indebted to the plaintiff in judgment. He was present in court, and could not offer the abstract of the record of the case for the former appeal as his deposition. He offered no other testimony from this record than his own, and we do not think this was competent to establish his plea of duress, which, so far as the record shows, was the only one interposed by him. He was bound under the record to show that he had a defense to the note. *Parsons v. Nutting*, 45 Iowa 404; *Lindberg v. Thomas*, 137 Iowa 48. As he did not do this, he was not entitled to the relief asked. Aside from this, even if duress were shown, the record shows a ratification of the note after it was secured and a voluntary use thereof by plaintiff or with his consent, and he was in no position to urge his defense in these circumstances. The decree setting aside the judgment must be and it is—*Reversed.*

3. EVIDENCE: best and secondary: abstract on former appeal.

4. JUDGMENT: opening and vacating: defense; necessity to establish.

EVANS, C. J., WEAVER and PRESTON, JJ., concur.