MAX BRAVERMAN, Appellant, v. M. C. BURNS et al., Appellees. No. 39609.

APRIL 5, 1929.

*E. J. North,* for appellant.

No appearance for appellee.

STEVENS, J.—This action was commenced for the April, 1928, term of the superior court of the city of Cedar Rapids. Counsel for the defendant, appellee herein, appeared on return day, and was granted ten days within which to plead. No pleading was filed within the time fixed by the court, and on April 21st, default and judgment were entered against appellee, at the request of counsel for appellant. On May 5th, appellee appeared by another attorney, and filed a motion, supported by affidavit, to set aside the default and judgment entered thereon. A resistance to this motion was filed by appellant. The motion of appellee was overruled. Two days later, counsel for appellee appeared in court, and orally requested to be heard further upon the motion to vacate the judgment. Counsel for appellant was present, and orally objected thereto, upon the ground that the court had lost jurisdiction. Argument was, however, heard by the court, with the result that the order overruling the motion to set aside and vacate the judgment was canceled, and the motion sustained, as to one count of the petition. Later, appellant filed a motion to set aside and cancel the order of the court vacating the previous ruling on the motion to set aside the default. This motion was overruled.

The appeal is from the ruling on each of the foregoing motions. The challenge of appellant is to the jurisdiction of the court to vacate and cancel its order overruling the motion to set aside the default and judgment, without written application therefor and showing thereon. It is, and has long been, the rule of this state that the district court exercises a large discretion in passing upon motions to set aside defaults, and that, unless it be shown that such discretion has been abused, the ruling will not be interfered with on appeal. *Mally v. Roberts,* 167 Iowa 523; *Hueston v. Preferred Acc. Ins. Co.,* 161 Iowa 521; *Carver v. Seevers & Bryan,* 126 Iowa 669; *Sitzer v. Fenzloff,* 112 Iowa 491; and many other cases. So that, if the court had jurisdiction to enter the order complained of, this court will be reluctant to interfere therewith.

The decision of this case must rest largely upon the ques-

tion of jurisdiction. On this point, we think there can be no doubt. Section 10716 of the Code of 1927 provides that:

"All statutes governing the district court as to venue * * * jurisdiction, process, pleadings, practice, modes of trial, * * * shall apply to and govern the superior courts * * * * "

The grounds upon which defaults may be set aside are well covered by the statute and many prior decisions of this court; but see Section 11589 of the Code of 1927.

It is further provided by Section 10801 that:

"The record aforesaid is under the control of the court, and may be amended, or any entry therein expunged, at any time during the term at which it is made, or before it is signed by the judge."

The authority conferred upon the court by this section is broad and comprehensive. It is true that an order had been entered upon the judge's calendar, overruling the motion to set aside the default and vacate the judgment; but the court, at any time during the term, had authority, under the foregoing statute, if satisfied that error had been committed, to alter, cancel, or expunge the same. *Streeter v. Gleason*, 120 Iowa 703; *Wolmeratadt v. Jacobs*, 61 Iowa 372; *McConnell v. Avey*, 117 Iowa 282; *Deere, Wells & Co. v. Nelson*, 73 Iowa 186; *Kirby v. Gates & Bowman*, 71 Iowa 100. So that, in this case, it was proper, if the court was satisfied that error had been committed, to correct it in the manner shown.

Counsel for appellant rely upon *Brett v. Myers*, 65 Iowa 274; *Hawkeye Ins. Co. v. Duffie*, 67 Iowa 175; *Western F. & C. Co. v. Donegan*, 172 Iowa 420,—none of which apply to the facts as shown by the record in this case.

We think the ruling of the court was not without jurisdiction, and that no abuse of discretion is shown.—*Affirmed*.

ALBERT, C. J., and EVANS, FAVILLE, DE GRAFF, MORLING, KINDIG, and WAGNER, JJ., concur.