[No. 12002.   Department Two. — September 20, 1887.]

JAMES MANNING, RESPONDENT, v. ROBERT DAL-
LAS, APPELLANT.

STATUTE OF LIMITATIONS — DEFENSE OF HOW PLEADED. — The defense of
the statute of limitations must be pleaded either by alleging the facts
constituting the defense, or by a general statement that the cause of
action is barred by the provisions of the particular section of the Code
of Civil Procedure relied upon, giving the number of the section, and
its subdivision, if subdivided.   A general allegation that the cause of
action is barred by chapter 3, title 2, part 2, of the code, is insufficient.
INSTRUCTIONS — REFUSAL — IMMATERIAL ERROR. — Error in refusing to give
a proper instruction is cured if the court subsequently give an instruc-
tion covering the same ground.
PLEADING — ACTION ON ACCOUNT — INDEBITATUS ASSUMPSIT — QUANTUM
MERUIT. — Where the complaint in an action to recover a balance al-
leged to be due on a mutual, open, and current account for work and
labor is in the ordinary form of *indebitatus assumpsit*, the plaintiff is en-
titled to recover, if he has performed services for the defendant, such
sum as the defendant agreed to pay him therefor, or if no price was
fixed, then such sum as his services were reasonably worth.

APPEAL from a judgment of the Superior Court of
Stanislaus County, and from an order refusing a new
trial.

The action was brought to recover a balance alleged
to be due on a mutual, open, and current account for
work and labor.   The complaint was in the ordinary
form of *indebitatus assumpsit,* merely alleging that the
defendant was indebted to the plaintiff for a specified
balance due on an account for work and labor per-
formed at the request of the defendant, and its non-
payment.   The further facts are stated in the opinion.

*Turner & Maddux,* for Appellant.

*Stonesifer & Minor,* for Respondent.

BELCHER, C. C. — This action was brought to recover
the balance due on a mutual, open, and current account,

for work and labor alleged to have been performed by plaintiff for defendant between the ninth day of December, 1881, and the tenth day of January, 1886.

The answer denied any indebtedness on a mutual, open, and current account, and alleged payment; and also alleged that so much of the account as accrued "during the years 1881, 1882, and 1883 has long since been barred, and is barred by the provisions of chapter 3, title 2, part 2, of the Code of Civil Procedure of the state of California."

The case was tried before a jury, resulting in a verdict and judgment in favor of the plaintiff. The defendant then moved for a new trial, and his motion being denied, appealed from the judgment and order.

Several points are made on the statute of limitations, but they need not be separately considered. The statute was evidently not pleaded. There are only two ways of pleading the statute, one by stating the facts showing the defense, and the other by stating "generally that the cause of action is barred by the provisions of section [giving the number of the section, and subdivision thereof, if it is so divided, relied upon] of the Code of Civil Procedure." (Code Civ. Proc., sec. 458.) As neither of these ways was adopted, the attempt to plead it must be treated as altogether a failure. But if the statute had been properly pleaded, the same result must have been reached. There was testimony from which the jury might find, as they did, that the account was mutual, open, and current, and that no part thereof was barred.

At the request of the plaintiff, the court instructed the jury as follows: —

"Though in this case the plaintiff has brought suit for a certain sum, yet I charge you that you are authorized to bring in a verdict for such a sum as under the evidence you may think his services were reasonably worth, if you find he is entitled to anything."

It is claimed that this instruction was erroneous, because "the plaintiff bases his right to recover on a contract that he was to receive a certain amount for his services, and not on a *quantum meruit*."

The instruction was properly given. Under the complaint the plaintiff was entitled to recover, if he had performed services for the defendant, such sum as the defendant had agreed to pay him for his services, or if no price was fixed, then such sum as his services were reasonably worth. (*Freeborn* v. *Glazer*, 10 Cal. 337; *Leitensdorfer* v. *King*, 7 Col. 436; *Sussdorff* v. *Schmidt*, 55 N. Y. 324.)

The court refused to instruct the jury, at the request of the defendant, as follows: —

"If from the evidence you find that the compensation Manning was to receive from Dallas for his services was to be at the entire discretion of Dallas, then I charge you that you must render a verdict for the defendant, no matter what you may think his services are worth," etc.

It is insisted that this instruction was a proper one, and that the court erred in refusing to give it, citing *Moulin* v. *Columbet*, 22 Cal. 510.

The answer is, that the court, at the request of the defendant, did instruct the jury in the following language: —

"When services are rendered upon an understanding that the remuneration is to be at the discretion of the employer, no action is maintainable for the value of such services."

If there was error in refusing to give the instruction as first asked, that error was obviously cured by the instruction as given.

The other points do not need special notice. After carefully looking at the whole record, we are satisfied that no error was committed prejudicial to the defend-

ant, and the judgment and order should therefore be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.