THE AVERY MANUFACTURING COMPANY v. N. LAMBERTSON.

No. 14,705. (86 Pac. 456.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*General Exception to Different Rulings—Motion to Reform Pleading.* A general exception to a number of different rulings on a motion to reform a pleading is unavailing unless all of the rulings are erroneous as to the party who takes the exception.

2. ESTOPPEL AND WAIVER—*Trial of Issue Not Raised by the Pleadings.* Where the parties to an action contest a question of fact by examining and cross-examining witnesses with reference thereto without objection by either, although such

fact is not at issue under the pleadings, neither party will be heard to say that a finding by the court, as to such fact, is without the issues in the case.

3. ——— *Enlargement of the Issues.* In such a case the parties by their conduct will be held to have broadened the issues made by the pleadings and to have included the contested fact therein.

4. WRITTEN CONTRACT—*Consideration—Pleading—General Denial.* Where a defendant in his answer pleads, as a defense, the making of a written contract between himself and the plaintiff, but specifies no consideration for such contract, the law imports a consideration therefor. And if this defense is only controverted in the reply by a general denial the issue of no consideration is not raised—the want of consideration must be pleaded in the reply.

Error from Ottawa district court; ROLLIN R. REES, judge. Opinion filed July 6, 1906. Affirmed.

### STATEMENT.

IN 1901 the Avery Manufacturing Company, through N. Lambertson, its agent, sold a thrashing outfit to one Cunningham for $2295, and in settlement took a number of promissory notes executed by the purchaser and payable to it at different times. The payment of the notes was secured by a chattel mortgage on the outfit, some growing wheat, and a number of horses and cattle. One of the notes, for $425, due October 1, 1901, was also guaranteed by Lambertson, and demand, protest and notice of protest, diligence in collecting and extension of time of payment without notice were all waived. In the fall of 1901 Cunningham made a payment of $1000 on certain of the notes then past due, and in February, 1903, he made another payment of $400 to the company's collector, and at the time of paying the same both he and Lambertson requested that the payment be applied on the note, then due, of which Lambertson had guaranteed the payment. This the collector refused to do, and applied the payment on other past-due notes, and delivered the notes so far as fully paid to Cunningham. Thereupon Lambertson

20—74 KAN.

claimed that he was discharged from liability as surety on the $425 note. Correspondence ensued between the company and Lambertson which resulted in a definite compromise.

The contract embraced in the letters was, in substance, that Lambertson should waive his alleged discharge as surety and continue as guarantor of the note. The company on its part was to pay and did pay him a certain commission which he claimed was due, and was to carry Cunningham's indebtedness over another season and apply future payments first on the surety note until it was "taken care of."

Thereafter, and before the commencement of this action, Cunningham made no more voluntary payments on his indebtedness, but by the foreclosure of its chattel mortgages and the sale of the property the company recovered a greater sum of money than the surety note with interest amounted to, but applied such proceeds to the payment of other notes. This action was brought to recover from Lambertson the full amount of the note guaranteed by him.

The court below rendered judgment in favor of the defendant, and the company brings the case here.

*F. D. Boyce,* for plaintiff in error.

*Thompson & King,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: .The first assignment of error is the ruling of the court upon the motion of the plaintiff that the answer be made more definite and certain in five different parts thereof, which were specified. The court allowed the motion as to three of the specifications and denied it as to two. Both the plaintiff and the defendant excepted to the ruling, and the defendant was granted leave to file and did afterward file an amended answer. The exception is too general to raise any question for review. A single exception to a series of rulings is unavailable if any one of them is correct.

(8 Encyc. Pl. & Pr. 167; *Sumner v. Blair,* 9 Kan. 521; *Bailey v. Dodge,* 28 Kan. 72.)　The plaintiff, by implication, admits the correctness of the ruling on three of the five specifications. Besides, the filing of an amended answer, to which no objection is urged in plaintiff's brief, presumably cured any defect that may have existed in the original answer. Again, the matters claimed to have been defectively pleaded appear from the record to have been fully tried out, and, if any error was made in the ruling, the plaintiff was not prejudiced thereby.

Further, it is urged that the court erred in its second conclusion of law, which reads:

"That the agreement to indorse subsequent payments upon this $425 note, embraced in the correspondence between the plaintiff and the defendant, was based upon a sufficient consideration, as the settlement of a doubtful and disputed claim, and was a valid contract between the parties."

The objections to this conclusion of law are:　(1) That the defendant did not plead the compromise as a defense; (2) that there was no consideration for the agreement to indorse future payments on this particular note.　It is technically true that the defendant did not plead the compromise of the claim that the $400 paid by Cunningham had not been applied on the surety note, as Cunningham directed.　Evidence was offered, however, of this fact without any objection on the part of the plaintiff, and witnesses were cross-examined by plaintiff's attorney in relation thereto.　The parties to an action may enlarge the issues by mutually trying out issues of fact not involved in the pleadings.

The contract, however, was pleaded, and was alleged and proved to be a written contract.　A written contract imports a consideration.　(Gen. Stat. 1901, § 1196.)

It was unnecessary to allege a consideration or to prove in what it consisted, at least until the issue of no consideration had been raised by the reply, which

in this case did not raise this issue. (4 Encyc. Pl. & Pr. 946.)

The finding of fact, which is embraced in this conclusion of law, as to what constituted the consideration, while justified by the evidence, is wholly immaterial, and no error can be predicated thereon.

The judgment of the district court is affirmed.

All the Justices concurring.