SUSIE E. McKEE, Respondent, v. JONES DRY GOODS COMPANY, Appellant.

Kansas City Court of Appeals, December 5, 1910.

1. MOTION FOR NEW TRIAL AND IN ARREST: Exception. Where the record shows the trial court made a single ruling in overruling both motion for new trial and in arrest of judgment, and that but one exception was taken, such exception is not sufficient, and the bill of exceptions cannot be considered on appeal.

2. ——: ——. A motion for new trial and a motion in arrest of judgment are two separate matters of procedure, involving distinct questions and requiring separate adjudication, and the record should show that they have been considered and decided separately; and it is necessary that separate exception should be taken to the ruling on each.

3. ——: ——: ——: Duly Excepted. If the record shows but one exception to the ruling on both motion for new trial and in arrest of judgment, the fact that it characterizes such exception as having been "duly" taken, will not aid it.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover*, Judge.

AFFIRMED.

*Meservey & German* for appellant.

*Marley, Vieregg & Grover* for respondent.

152 App—16

ELLISON, J.—This action is founded upon an arrest of the plaintiff under a charge of larceny, which was false. The judgment in the trial court was for the plaintiff, and defendant appealed.

The record, after showing that defendant filed a motion for new trial, and also a motion in arrest of judgment, recites that: "When said motions came on to be heard before the court, and, being argued by counsel and duly considered by the court, said motions were by the court overruled; to which action, ruling and decisions of the court, in not sustaining said motions, and granting a new trial, and in arrest of judgment, the defendant then and there duly excepted."

It has been generally understood that in order that a party may complain on appeal of the rulings of a trial court, he must except to each ruling and though embodied in a single bill (sec. 728, R. S. 1899) the matters excepted to are in the plural. A single exception to several separate rulings is not sufficient. This is made evident by the statute (sec. 727) requiring that an exception be taken to the opinion of the court as it may be given "in the progress of any trial in any civil suit." It would be contrary to the understanding of the bar, evidenced by constant practice, to say that a single exception could be properly taken, at the close, to all of the court's rulings on the admission or exclusion of evidence. So it has been ruled in a case constantly cited with approval that exceptions must be saved to each specific ruling in the progress of the trial. [Harrison v. Bartlett, 51 Mo. 170.] In that case it was stated at the foot of the bill of exceptions "that to all the rulings, orders and judgment of the court the defendant excepted," and it was held to be no proper exception. The direct question here involved seems to have been decided by the Supreme Court in City of St. Joseph v. Ensworth, 65 Mo. 628, where the court said: "There is no exception saved

to the overruling of the motion to set aside the non-suit. Exceptions must be saved to each specific ruling as it occurs during the progress of the cause, and it will not do, as was attempted here, to fail to except when the motion to set aside the non-suit was overruled, and then seek to cure the omission by a general exception when the motion in arrest is overruled.''

And in Danforth v. Ry. Co., 123 Mo. 196, 198, it is stated that different orders and rulings appertaining to the trial are matters of exception and must be ''severally excepted to at the time.''

It has been ruled that a general statement in a motion for new trial that the trial court erred in admitting improper evidence, was sufficient, on the ground of a long established practice in this state. This was a proper ruling on the ground stated, since the contrary view would unsettle an unbroken usage. [State v. Noland, 111 Mo. 473, 493.] But that in no way bears on the question here; for it is there stated that while the motion for new trial could be couched in the general terms stated, the evidence thus generally referred to must have been specifically objected to at the trial, and, of course, separate exception taken.

But defendant, in support of his exception, has cited us to Weber v. Ry. Co., 100 Mo. 194, 205, where it is held that one exception to the refusal of several instructions is sufficient. That does not meet the question here. For the instructions and the rulings thereon are looked upon in this state (though otherwise in other jurisdictions) as one act. The instructions, though in practice separated and designated by number, constitute one charge, and in that view one exception will cover several instructions. Whereas a motion for new trial and a motion in arrest of judgment are distinct and seek altogether different purposes and require separate orders from the court. Indeed, a motion in arrest of judgment is an admission that there is no ground for a new trial, and if filed and

acted upon first, will waive that motion. It was doubt-less this view of the difference between a general exception to a ruling on instructions, and on motions for new trial and in arrest of judgment, that caused the court to remark in the Weber case that its ruling was not in conflict with either Harrison v. Bartlett, or City of St. Joseph v. Ensworth, supra.

In support of these cases are those of other states. "A general exception cannot be taken to several rulings as an exception in gross, but each exception must be taken to each ruling as it arises in the trial." [East St. Louis Ry. Co. v. Cauley, 148 Ill. 490.] "A single exception to a series of rulings is unavailable if any one of them is correct." [Avery Mfg. Co. v. Lambertson, 74 Kan. 304.] To the same effect are Walter v. Walter, 117 Ind. 247; Johnson v. McCulloch, 89 Ind. 270; Elton v. Markham, 20 Barb. 343; Fales v. Fales, 70 Atl. (R. I.) 965.

We are thus left without authority to examine any matter of alleged error at the trial, and finding nothing otherwise to justify our interference, we affirm the judgment. All concur.

## ON REHEARING.

ELLISON, J.—A rehearing was granted in this case that it might be considered in connection with the record in the case of city of St. Joseph v. Ensworth, 65 Mo. 628, and that it might be clearly seen upon what ground the decision in that case was based. A certified copy of that record has been obtained by counsel and we find it stated in the record proper that the trial was begun on the 15th of September, 1874, and, on the same day a non-suit was taken. That within four days, on the 19th of that month, a motion to set aside the non-suit was filed. That motion was not decided until the following 12th of January, 1875, when it was over-ruled.

The record proper then recites that on the 14th of January, 1875, a motion in arrest of judgment was filed, and that on the 30th of that month it was overruled. It may be remarked that the motion not being filed within four days after the trial, was too late (sec. 6, chap. 172, R. S. 1865), but that was not noticed by the court, probably from the fact that the bill of exceptions stated the filing was within four days and the court assumed that to be the fact.

Turning to the bill of exceptions we find that after stating the beginning of the trial and an adverse ruling on the admission of evidence, it continues as follows: "Thereupon the plaintiff took a non-suit with leave to move to set the same aside and for new trial. That thereafter, on September 19, 1874, and within four days after verdict, plaintiff filed a motion to set aside the non-suit and for new trial, which said motion is as follows:" The motion is then copied. Immediately following the copy of the motion, the bill continues, and, as just stated, contradicts the record proper: "That thereafter and within four days after verdict, plaintiff filed a motion in arrest of judgment, which said motion is as follows:" The motion in arrest is then copied, and immediately following the copy of the motion the bill continues in these words: "Which said motions after argument were by the court overruled; to which rulings of the court plaintiff then excepted and still excepts." It is then recited that final judgment was rendered, etc.

The foregoing is the record upon which the Supreme Court pronounced judgment and founded its opinion in City of St. Joseph v. Ensworth. It is, substantially, the counterpart of what we have in the present case. Whatever difference there is in the two records, affords more room for the insistence that there was a separate ruling and a separate exception on each motion in that case, than there is in this. For, in that case, the decision of the court is stated in the

plural, viz.: "To the rulings" of the court; while in this case the decision is stated in the singular, to the "action, ruling and decision of the court." In that case it could, possibly, have been argued that since the record stated that the exception was taken to the rul-. ings of the court, it showed, by inference, that the court had ruled separately on the two motions, upon each of which separate exception was taken. But not so in this case, for the language of the record only discloses one ruling on two motions and one exception taken.

In this connection we note that defendant, in written argument of the motion for rehearing, concedes what we have just stated; and in so conceding that both motions were overruled by a single ruling, it is asked, what could have been done more than to take a single exception? If we should allow full effect to this contention, it would still leave defendant shut out of a right to complain of the action on the motion for new trial, for the motion in arrest of judgment cannot be taken up for consideration and decided until *after* the motion for new trial is overruled, except by waiving the latter; for, if it should be taken up and decided by the court before the motion for new trial was consid-. ered, it would be a waiver of the latter motion, it would amount to a concession that there was no ground for setting aside the verdict. [State v. Griffie, 118 Mo. 188.] This consideration conclusively demonstrates the necessity for the record to show that the motions were ruled upon separately, and, of course, that separate exception was taken to each ruling.

To the query, what is a party to do if the trial court does, in point of fact, make but one ruling on both motions, we answer that it is not to be supposed a trial court would do that if its attention was called to the matter. If, however, we are to indulge in the supposition that such court would refuse to make its rulings in the time, order and manner required by law,

it would, as in any other failure to perform a duty, be subject to mandatory process.

A motion for new trial and a motion in arrest of judgment are separate and distinct matters of procedure, requiring separate adjudication, and involve separate and distinct questions. And, necessarily, each receives a separate consideration and a separate ruling. This is conclusive that there *must* be a separate exception to the ruling on each of them. The fact that the court may announce the result of its consideration of each of them at one time, does not say that he has not considered and decided them separately and in their order; and the record should so show.

Defendant, in the extremity in which the record has thus placed it, seeks some aid from the word "duly" which is found in a recital of its exception; that is, that the defendant "duly excepted." When a question is made on appeal, whether one has duly excepted to a ruling of a trial court, it becomes necessary for the appellate tribunal to decide it from what was done and not from how it has been characterized. It is a common expression of speech or writing, that a thing was "duly" done, and whether it was or not becomes a question of fact, the party concerned having the privilege of showing it was not so done. But, manifestly, the mere use of the word cannot be allowed to cut out inquiry as to whether it has been properly used. If it is used in records importing absolute verity, it will not control, or prevent scrutiny of, other parts of the record with which it is connected, which disclose it has been improperly used. And so we have found from the record that exceptions were not duly taken.

But going back to the decision of the Supreme Court in City of St. Joseph v. Ensworth, we have seen that it is based on a record not so faulty as the one before us, and, of course, we have nothing to do but follow it. The judgment is affirmed. All concur.