FRANCIS GRIMM, Appellee, v. E. I. SARGENT, Appellant.

JUDGMENT: Correction—Statutes Governing. A transfer of a cause from law to equity, in order to effectuate certain corrections in a pleaded judgment, is controlled by the statutes which deal with corrections of records for mistakes. Sections 243, 4091, Code, 1897.

JUDGMENT: Correction—Proceedings Allowable. The correction of a judgment which has been pleaded in bar by defendant, so that it will not constitute an adjudication against plaintiff, may be effected by a direct transfer, on motion, to equity, and a hearing therein.

JUDGMENT: Correction—When Notice Not Necessary. Formal notice of a proceeding to correct a judgment becomes quite immaterial when the adverse party is in court when the proceedings are instituted, and thereafter participates in such proceeding without objection on the ground of want of formal notice.

JUDGMENT: Conformity to Pleadings—Voluntary Issues. Litigants who voluntarily try issues outside the pleadings are bound by

the result thereof; *a fortiori* when there are issues within the pleadings, though clumsily and inartificially drawn.

JUDGMENT: Jurisdiction—Trial in Equity Instead of Law—Effect.
5   A trial and determination in equity while an adequate remedy exists at law is not a nullity. It is error only.

JUDGMENT: Correction—Unfounded Belief of Judge and Attorney.
6   The *belief* of the court and of the attorney for plaintiff that no notice of suit had been served on defendant, furnishes no basis for the correction of a judgment entered in defendant's favor, when the record shows that defendant responded to the pleadings filed against him, moved for a directed verdict at the close of the evidence, and otherwise participated in the trial.

JUDGMENT: Conclusiveness—Judgment in Favor of Partnership
7   and Individual Members Thereof. Where a partnership and its members, as such, and individually, are impleaded, and there is judgment for each and all, each may use that judgment as a bar, freed from all inquiry as to the particular ground upon which the judgment proceeded for some or all of his co-defendants.

*Appeal from Polk District Court.*—W. H. McHENRY, Judge.

TUESDAY, APRIL 3, 1917.

A JUDGMENT relied upon as being an adjudication was so corrected in chancery as that it was no longer available to defendant as an adjudication. From this correction, defendant appeals.—*Reversed and Dismissed.*

*E. P. Hudson* and *Eskil Carlson,* for appellant.

*Parsons & Mills* and *McLaughlin & Shankland,* for appellee.

SALINGER, J.—I. Defendant pleaded a judgment in Case Number 23771, Polk District Court, as an adjudication. He did this in Case Number 24724, the instant case. In a reply, plaintiff presented matters which he claimed made the earlier judgment ineffective as to him. An at-

1. JUDGMENT: correction: statutes governing.

tack upon this reply was overruled, but that ruling is not complained of on this appeal. After some evidence had been taken in the instant case, the trial judge seems to have concluded that, unless corrected in certain particulars, the judgment pleaded by defendant would operate as an adjudication in the case then on trial. He suggested a transfer to equity in order to effectuate these corrections. Upon this suggestion, plaintiff then and there filed a motion asking such transfer. Defendant's objections were overruled, the cause transferred, and thereafter, the court decreed that the earlier judgment should be corrected.

One ultimate complaint is that this correction is a nullity because an act beyond jurisdiction. In support of this contention, much is presented which, addressed to such complaint, is irrelevant:

a. Many citations set forth the general principles of the law of former adjudication. It is conceded that, without the correction, the judgment is a bar, and as corrected, it does not work an adjudication. The sole question is, therefore, whether the court erred in making the correction. It is manifest that upon such question the general principles of *res adjudicata* require no consideration.

b. There is no occasion for the citations which assert that there is a presumption that a judgment is on the merits rather than in abatement. This, too, is immaterial, because whatever judgment defendant had was undeniably on the merits.

Reaching now what is relevantly addressed to the claim that the trial court acted without jurisdiction, we find the following claims and arguments, pro and con:

2. Judgment: correction: proceedings allowable.

a. Appellant says the application was made too late, because some 11 months lapsed between it and the entry of the judgment which it sought to correct. He cites cases which may be conceded to hold that, if this were an

attempt to proceed under the statutes for vacating and modifying judgments, the application comes too late. On the other hand, appellee relies on certain of our decisions, such as *Lambert v. Rice,* 143 Iowa 70. This case, and many more we have examined, do have general language that time limitations made by statute are inapplicable. This language must be limited to what these cases deal with, namely, *nunc pro tunc* entries. No such entry is involved in this case. On the other hand, neither is the statute law on the vacation and modification of judgments; for, on the authority of *McConnell v. Avey,* 117 Iowa 282, at 285, the proceeding at bar does not come within that statute law, but is controlled by statutes which deal with the correction of records for mistake.

It may be added, too, that it does not appear when, if at all, the record of the judgment that was corrected was signed. The related point, that the correction is a nullity because a judgment can be changed only by a direct proceeding, by appeal, "or some other method known to the law," is not well taken, because the proceeding to correct was a direct proceeding, was a method known to the law, and because appeal is not the sole method of making corrections in judgments.

b. The abstract proposition that notice

**3. JUDGMENT: correction: when notice not necessary.** is essential to a valid correction of a record is, of course, undeniable. But neither it nor *Owen v. Smith,* 155 Iowa 463, help appellant. Defendant and his counsel were in court when the transfer was ordered, took part in the resulting hearing, and made no objection on the score of want of notice. See *Chicago, I. & D. R. Co. v. Estes,* 71 Iowa 603; *McConnell v. Avey,* 117 Iowa, at 285, and also *Hurley v. Dubuque G. L. & C. Co.,* 8 Iowa 274.

c. In a way, the point is made that a

**4. JUDGMENT: conformity to pleadings : voluntary issues.** judgment beyond the issues is void for want of jurisdiction. There may be authority for the proposition abstractly stated (see *Judge v. Powers,* 156 Iowa 251; *Reynolds v. Stockton,* 11 Sup. Ct. Rep. 773, at 776) ; but this rule has no application where the parties voluntarily try an issue not tendered in the pleadings. Moreover, this case does not present a total want of issue tendered. The issue of correction was formed by a motion and a resistance thereto. True, that motion was very fragmentary and inartificial in form, but appellant made no objection on that score. In no view was. there judgment beyond issue.

d. Appellant cites cases for the prop-

**5. JUDGMENT: jurisdiction : trial in equity instead of law : effect.** osition that equity will not correct where a correction sought might have been obtained by pursuing a remedy which the law affords. That is so. But giving relief in equity when there is an adequate remedy at law is not, in strictness, to act without jurisdiction, but is error, merely. While it has been said loosely that equity has no jurisdiction where law affords an adequate remedy, it is not true that the acts of the chancellor are a nullity because he grants what the law might do.

e. Finally, it is said the correction is a nullity because it was not sought in the very case in which the judgment corrected was entered, and because it was made without any petition, application "or proceeding therefor." We have already seen that there was an application or proceeding to obtain correction. We think these objections. too, do not go to jurisdiction, but assert what is, at most, error.

On the whole, we are persuaded that, in the circumstances at bar, the court had jurisdiction.

II. The record rather indicates that all the testimony

was taken before there was a transfer to equity.. But we treat it as adduced on the chancery hearing, because both sides so deal with it.   Though the court below had juris-diction, the issues below and here are such

**6. JUDGMENT: correction: unfounded belief of judge and attorney.**

as that we must next inquire whether, though having power to act, it acted rightly. In concrete form, the question is whether the evidence sustains the decree.   The action of the court was invoked by motion.   Leaving out of consid-eration whether that motion presented more than one ground, it certainly did present as one that the judgment should be corrected because the trial judge and the attor-neys for plaintiff mistakenly believed that E. I. Sargent, the defendant in the present case, had not been served with original notice in the earlier case.   This presents two ques-tions: (1) Is the allegation proven? (2) If proven, does it justify the correction made?

The judge who tried the earlier case testifies that he gave judgment because of such mistaken belief.   The record demonstrates that, though he believes this to be true, he is mistaken.   He directed a verdict on the merits, and there-by held, as matter of law, that there was no evidence that the present defendant was guilty of the negligence declared on.   Had he believed at that time that defendant was not in court for want of notice, the judge would not have thus acted.   It is inconceivable that, believing a party was not in court, a judge should give a judgment either that such party is or is not liable on the merits.

Again, pleadings were filed making the present defend-ant, Sargent, defendant in the earlier case.   He responded to those pleadings; he moved for a directed verdict.   There is no claim that the court believed he was not appearing, and thus pleading and moving.   Now, if the court knew that Sargent was invoking action on part of the court, how can we find that it was controlled by failure to serve Sar-

gent with notice?—a fact which is absolutely immaterial, since Sargent made appearance. How can a mistaken belief that notice was not served have influenced any action on part of a judge who must have known that the defendant had made appearance? We are constrained to hold that the alleged mistaken belief in the earlier case justified no correction of the judgment.

7. JUDGMENT:
conclusiveness:
judgment in
favor of part-
nership and in-
dividual mem-
bers thereof.

Some things in the record indicate that the decree appealed from rests, in part at least, upon the theory that the judgment interposed adjudicated no more than that the partnership of E. I. Sargent & Sons was not liable. It is highly questionable whether the motion to transfer makes any claim on this account; but, as the question was voluntarily litigated, we shall determine it. It is very doubtful, too, whether a judgment which gave to a finding that said partnership was not liable, the effect of releasing E. I. Sargent from all liability, is, if error, one which can be cured by motion to correct for mistake. It, at most, presents the case of a judgment which is erroneous because the court has mistaken the law. Appeal is the remedy for such mistakes as that. See *Knox v. Moser*, 72 Iowa 154; *Perry v. Kaspar*, 113 Iowa 268.

The trial court in the instant case finds that, in the earlier trial, it developed that said partnership was liable for no negligence charged. This record discloses nothing to sustain such finding. But, waiving all else, E. I. Sargent was served with notice in his individual capacity, and he made appearance as an individual. He either was or was not a member of the partnership which was impleaded with him. If he was a member, it might be claimed that a judgment in favor of the partnership released him, though he, himself, had not appeared. See Section 3468, Code, 1897, and *Meirkord v. Helming*, 139 Iowa 437; *Risser v. Martin*, 86 Iowa 392. We need not pass upon this phase. It

suffices to say that, if a partnership, its members as such and as individuals, be charged with negligence, and there is judgment for all the defendants, the individual in court has a judgment none the less because his partnership also has judgment. If he was not a partner, it is self-evident that a judgment in his favor is for him as an individual, and that its availability to him is not affected because a partnership of which he is not a member also has judgment. Reduced to its lowest terms, the situation is that, in the first trial, all the parties made appearance, verdict was directed on the motion of all in favor of all, and judgment entered in favor of all. This includes each. Where an alleged partnership, its members as such and as individuals, are impleaded, and there is judgment for each and all, each may use that judgment as a bar, freed from inquiry as to what grounds the judgment for some or all of his co-defendants proceeded upon. And the individual who obtains such judgment may not be made to respond again by the simple device of making him the sole defendant in the second trial.

The decree appealed from makes corrections which destroy the earlier judgment as a defense for E. I. Sargent. We think nothing warrants this action.

The plaintiff has transferred the law action to chancery. As to him at least, we must treat this appeal as one in a suit in equity. It is accordingly ordered that the action of the trial court is reversed, and the district court is hereby directed to dismiss the suit of the plaintiff at his cost.—*Reversed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.