ALEXANDER FRIEDMAN, Appellant, *v.* IRWIN ISAACS and Another, Respondents.

Supreme Court, Appellate Term, First Department, January 17, 1929.

*Louis Shapiro* [*Irwin George Robins* of counsel], for the appellant.

*Irwin Isaacs,* for the respondents.

BIJUR, J. This appeal presents a puzzling situation. The informal pleadings disclose that plaintiff sued defendant Isaacs for the delivery to him of $471 held by the latter in escrow under an agreement between plaintiff and defendant Dlugotch and that Dlugotch "makes claim against the moneys deposited with Isaacs to the extent of $400." The actual trial consisted merely of oral stipulations and admissions and the offering in evidence of certain exhibits. These show that in 1923 one Breit as landlord leased to one Kokavas (and another) certain premises for a term ending April 27, 1928. The lease acknowledged, as a deposit by the tenant as security for the faithful performance of the lease by him, the sum of $400 which had been deposited with the landlord by a previous tenant under a lease made in 1920. In 1924 Kokavas assigned his interest as tenant under the 1923 lease to the defendant Dlugotch in the following words: "We, the undersigned, for value received, do hereby assign, set over and transfer all our right and interest in and to the within lease to Paul Dlugotch."

Apparently Dlugotch conducted a delicatessen business on the premises and on March 1, 1927, sold it to plaintiff Friedman pursuant to a written agreement. On March eighth he assigned his interest in the lease to Friedman in the following words: "I, the undersigned, for good and valuable consideration, do hereby assign, set over and assign the within lease to Alexander Friedman."

The agreement of sale provided that Friedman should pay

$3,000, $200 down, $800 on receiving a bill of sale, the remaining $2,000 in notes, part of which were to be delivered to Dlugotch, and the remainder to be deposited with Dlugotch's attorney, defendant Isaacs, in escrow, " pending the receipt by the purchaser of an additional lease on the premises in question." The agreement provided that if the purchaser did not receive an additional lease, the moneys collected by Isaacs and held in escrow and the unpaid notes in his possession, should be turned over to Friedman, but in the event of the procurement of an additional lease, the moneys collected by Isaacs and the balance of the unpaid notes were to be turned over to Dlugotch. Upon receipt from the landlord of an additional lease upon the expiration of the present lease the " purchaser agreed to return to the seller the sum of $400 now on deposit with the said landlord under and pursuant to the terms of said lease as security."

Plaintiff sued Isaacs by serving upon him a summons dated April 24, 1928, containing a " statement of cause of action " for $471.38, for " moneys paid in escrow by the plaintiff to the defendant." Isaacs' answer was: (1) A general denial; (2) " that Dlugotch makes claim against the moneys deposited with Isaacs to the extent of $400." It is said in the case on appeal under the " statement under Rule 4 " that " upon motion of Irwin Isaacs on the 30th day of April, 1928, Paul Dlugotch was added as party defendant."

Upon the trial it was stipulated that " Isaacs has on deposit the sum of $471.38, pursuant to the agreement of sale." It is conceded " that Dlugotch has on deposit with the landlord the sum of $400 pursuant to the lease assigned to him." It is also conceded that " the sum of $400 deposited with the landlord was deposited by the original tenant and thereafter assigned to Dlugotch, as appears upon said lease," referring evidently to the assignment which I have quoted of February 1, 1924, and there is added " that the assignment of the lease in question was made by defendant Dlugotch to the plaintiff by assignment dated March 8, 1927," manifestly referring to the assignment of that date, which I have quoted. It was also conceded that " the sum of $400 deposited pursuant to the lease was applied by the landlord on the rent of premises occupied by plaintiff and that the plaintiff did not pay said rent during the months of February, March and April, 1928, and that the lease expired on April 27, 1928." It is further conceded that " the defendant Dlugotch did not obtain a renewal of said lease as required by the agreement of sale." Then follows the statement: " This case is submitted to the court on the question whether defendant Dlugotch can counterclaim against the plaintiff

for the sum of $400 security mentioned in this lease which was applied for rental of premises mentioned in the lease by the plaintiff."

The learned judge below decided that "after submission on agreed state of facts the defendant is entitled to judgment. (*Nemtzoff* v. *Vagnier*, 163 N. Y. Supp. 1075; *Shattuck* v. *Buek*, 158 App. Div. 709.) " These cases hold that where a lease provides that a security " deposit " of the tenant with the landlord shall be applied upon the rent for the last months of the term, an assignment of the lease by the tenant with the consent of the landlord does not convey to the assignee the right to recover from the landlord the sum deposited in the absence of an assignment of that claim to the assignee.

I confess that I am at a loss to understand what the parties thought they were submitting to the judge for decision. There was no doubt a commendable desire on the part of both counsel to avoid technicalities and formalities by an informal submission on concessions and exhibits. There seems to be no doubt that parties can, regardless of the precise pleadings, try such issues as they may deem material, whether precisely covered by the pleadings or not. (*Frear* v. *Sweet*, 118 N. Y. 454, 458.) But it is equally true, as was said by EARL, J., in *Southwick* v. *First Nat. Bank of Memphis* (61 How. Pr. 164, 170), that " pleadings and a distinct issue are essential in every system of jurisprudence." It may be that under our more liberal practice which has since developed that rule might be stated as " pleadings *or* a distinct issue are essential," but in any event it is evident that there cannot be an intelligible controversy without an intelligible issue, and that without the latter there cannot be any real decision. Plaintiff, appellant, contends before us that the question submitted below was simply whether defendant Dlugotch could maintain a counterclaim against the plaintiff under the situation presented in this case. It is of course quite clear that where plaintiff, as here, is suing the holder of money ($471) in escrow, to which plaintiff has become entitled by the conceded happening of the condition prescribed in the escrow agreement, a counterclaim for $400 against the plaintiff by a third party concerning other matters and other moneys is substantially inconceivable under any accepted rule of practice. Nothing appears in the record concerning the order bringing in defendant Dlugotch except the bare statement that he was added as a party defendant and that he made a claim upon defendant Isaacs, the escrow holder, against the moneys deposited with the latter. It appears, however, now that the claim had nothing to do either with the fund deposited in escrow or the right of the plaintiff to receive the same, but that Dlugotch thinks he

has a claim against the plaintiff. This entire matter, however, should have been thrashed out by plaintiff by opposing the motion to make Dlugotch an additional party defendant and by an appeal by permission from the order allowing it, or the bringing up of that order for review on this appeal, but that has not been done. It is not quite comprehensible, either, how plaintiff's counsel could have understood that that question was to be decided anew by the learned court below, after it had already been decided by another judge of co-ordinate jurisdiction. Nor in any event can we review the order because of the absence from the record of the order itself and of the papers upon which it was granted.

Defendant, respondent, on the other hand, on this appeal is of opinion that there was submitted to the judge below for his decision the question whether plaintiff should pay defendant Dlugotch $400. According to the concession at the trial, " the defendant Dlugotch *has* on deposit with the landlord the sum of $400." Under such circumstances there can be of course no doubt that Dlugotch is entitled to it. Perhaps it may have been supposed that because the landlord undertook to allow the plaintiff some credits for rent, presumably because of this fund or sum of money, Dlugotch is entitled to recover it from plaintiff instead of from the landlord. The notion is too confusing to be seriously pursued. Money so deposited under a lease ordinarily would result in the relation of debtor and creditor between the landlord and the tenant. How a third party can become liable for the debt without an express or implied assumption thereof is not explained. If the question of Dlugotch's title to this money were at issue it would also be puzzling to understand why Dlugotch should claim that he had not assigned the " deposit " to Friedman when he gave him an assignment of the lease in practically the same form as the assignment of the lease from the previous tenant to Dlugotch himself, under which Dlugotch claims that he received title to this fund. The language of the agreement of sale also seems to indicate that plaintiff was understood to have received some interest in the deposit because in the event of a receipt by plaintiff of an additional lease it was provided that he would " return " to Dlugotch this sum of $400.

Finally, upon no theory can the judgment as rendered be sustained because in any event plaintiff is entitled at least to the difference between the $400 security and the $471 deposited in escrow.

We see no course open except to reverse and order a new trial, at which the parties may intelligently formulate the issues to be tried.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, LEVY and CRAIN, JJ.